731 F.2d 655
 Ivan Jerry PIKE, Plaintiff-Appellant,
v.
CITY OF MISSION, KANSAS, Board of City Councilmen, Rolan R.
Warman, Jr., Sylvester Powell, Jr., George C. Lauber, Jerry
Schmitz, Warren C. Neal, Robert R. Mellott, and William C.
King, Defendants-Appellees.
 Nos. 82-1245, 82-1344.
 United States Court of Appeals,
Tenth Circuit.
 March 30, 1984.
 
 Bryan E. Nelson and Mary Ellen Rose, of Alder, Nelson & McKenna, Overland Park, Kan., for plaintiff-appellant.
 James L. Eisenbrandt, Overland Park, Kan., for defendants-appellees.
 Before SETH, Chief Judge, and HOLLOWAY, McWILLIAMS, BARRETT, DOYLE, McKAY, LOGAN and SEYMOUR, Circuit Judges.
 SEYMOUR, Circuit Judge.
 
 
 1
 Ivan Pike brought this action under 42 U.S.C. Sec. 1983 (1976) against the City of Mission, Kansas, the former mayor of the city, and several present and former members of the City Council. In his complaint, Pike alleged that his civil rights were violated by the events surrounding the termination of his employment as the city police chief. This case involves the same circumstances that resulted in the successful section 1983 action by Harold Miller, assistant police chief under Pike, against most of these same defendants. See Miller v. City of Mission, 705 F.2d 368 (10th Cir.1983). The district court in this case granted defendants' motion to dismiss, concluding that the suit was barred by the applicable limitations period, and that Pike had failed to allege any facts which would toll the running of the statute. The court denied defendants' request for attorney's fees. Both parties appeal. For the reasons set out below, we affirm.
 
 
 2
 Pike alleges that defendants deprived him of his liberty and property interests without due process when they discharged him without cause, failed to give him a constitutionally adequate hearing, and issued untrue and defamatory remarks to the press which held him up to public ridicule and prevented him from obtaining other employment. Pike was terminated on October 17, 1975, the allegedly defective hearing took place in January 1976, and defendants made the public statements that allegedly deprived him of his liberty interest during the year 1975. Pike filed this action September 25, 1981, over five years after the above acts took place. The district court concluded that Pike's suit was barred by the two-year limitations period provided in Kan.Stat.Ann. Sec. 60-513 (1976), which governs "[a]n action for the injury to the rights of another."[1]
 
 
 3
 Because Congress has not enacted a statute of limitations expressly applicable to section 1983 claims, the courts must adopt the most analogous limitations period provided by state law. See 42 U.S.C. Sec. 1988 (1976); Board of Regents v. Tomanio, 446 U.S. 478, 483-84, 100 S.Ct. 1790, 1794-95, 64 L.Ed.2d 440 (1980). In Garcia v. Wilson, 731 F.2d 640, (10th Cir.1984) (en banc), decided this day, we considered the method by which an appropriate state statute is to be selected for section 1983 actions. We concluded as a matter of federal law that all section 1983 claims should be characterized as actions for injury to the rights of another. See id. at 650-651. Under Kan.Stat.Ann. Sec. 60-513(a)(4) (1976), "[a]n action for injury to the rights of another, not arising on contract, and not herein enumerated" must be brought within two years. For the reasons set out in Garcia, we hold that the Kansas two-year statute is the most appropriate limitations period. See Cowdrey v. City of Eastborough, 730 F.2d 1376, 1378, (10th Cir.1984) (en banc). Accordingly, Pike's claims are untimely unless his complaint provides grounds for concluding that his suit is not barred by the applicable statute.
 
 
 4
 In reviewing an order of dismissal, we must assume that the facts alleged in the complaint are true. Poolaw v. City of Anadarko, 660 F.2d 459, 461 (10th Cir.1981). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); Lessman v. McCormick, 591 F.2d 605, 607-08 (10th Cir.1979).
 
 
 5
 On appeal, Pike contends that the limitations period should be tolled both because defendants fraudulently conspired to conceal their violations of his constitutional rights and because these violations are continuing in nature. He also asserts that he stated a new cause of action arising in 1981. Pike argues that his complaint contains factual allegations supporting these claims sufficient to withstand a motion to dismiss. We disagree.
 
 
 6
 We first address Pike's argument that the statute should be tolled due to defendants' concealment. "State law on tolling of the statute of limitations should be followed unless that law is inconsistent with federal law or with the policy which the federal law seeks to implement." Clulow v. Oklahoma, 700 F.2d 1291, 1300 (10th Cir.1983); see also Chardon v. Soto, --- U.S. ----, 103 S.Ct. 2611, 2619, 77 L.Ed.2d 74 (1983). Under Kansas law, fraudulent concealment does not toll the statute of limitations unless the plaintiff's claim for relief is grounded on fraud. McCoy v. Wesley Hospital & Nurse Training School, 188 Kan. 325, 362 P.2d 841, 847 (1961). "The rule applies only when the party against whom the bar of the statute is interposed is required to allege fraud in pleading his cause of action, or to prove fraud to entitle him to relief." Id.; see also Christensen Grain, Inc. v. Garden City Cooperative Equity Exchange, 192 Kan. 785, 391 P.2d 81, 84 (1964). Pike's claims for relief are asserted under section 1983 and are based on allegations of constitutional deprivations. They do not sound in fraud. Under Kansas law, therefore, Pike's allegations of fraudulent concealment would not prevent the running of the limitations period.
 
 
 7
 Pike argues that we should not apply Kansas law on fraudulent concealment because it is inconsistent with federal policy and with the remedial purposes of section 1983. Even were we to accept Pike's argument on this point and apply federal principles of fraudulent concealment, Pike's complaint fails to establish grounds for equitable tolling. Under federal law, Pike must allege a concealment of facts that would prevent him from knowing a cause of action existed. Clulow, 700 F.2d at 1301. Moreover, Pike's allegations must show that his ignorance was not the result of his lack of diligence, but was due to affirmative acts by defendants that would conceal the facts giving rise to the claim from a reasonably diligent plaintiff. Id.; Ohio v. Peterson, Lowry, Rall, Barber & Ross, 651 F.2d 687, 692 (10th Cir.), cert. denied, 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1981).
 
 
 8
 Pike's claim for relief is based on his assertion that his constitutional rights were violated when he was terminated without cause, denied reinstatement, denied either a pretermination hearing or an adequate post-termination hearing, and subjected to damaging information about him given to the press by defendants. Viewed most favorably to him, the factual basis for his claim of fraudulent concealment appears to rest on his allegations that his termination followed a series of secret meetings at which defendants conspired to discharge him, that defendants attempted to conceal their part in the decision from him, that they conspired to provide an inadequate post-termination hearing, and that they have since conspired to refuse to reinstate him. Pike also makes other vague and conclusory allegations that unnamed defendants conspired to prevent him from learning unspecified facts that would have given him reason to believe that his constitutional rights were violated. However, these allegations, taken as true, simply do not establish that defendants' conspiracy prevented Pike from knowing that his termination was without cause, that his hearing did not provide due process, and that defendants made damaging public statements, which are the facts upon which his cause of action is predicated.
 
 
 9
 An analogous situation was presented in Fitzgerald v. Seamans, 553 F.2d 220, 228-29 (D.C.Cir.1977). The plaintiff there brought an action against numerous Air Force officials for conspiring to deprive him of his civilian job with the Air Force in retaliation for his testimony before a Congressional committee. The suit was filed outside the statute of limitations. The plaintiff claimed the statute should be tolled because he had learned only recently of the conspiracy, although he had won reinstatement within the limitations period by administratively appealing the termination. The court rejected the tolling argument with respect to the Air Force defendants:
 
 
 10
 "Appellant claims not to have known at the time of the [Civil Service Commission] appeal letter of the conspiracy against him, and to have only later learned the identities of some of the conspirators and the meetings held concerning him. The CSC appeal letter does not use the words of conspiracy. What matters is that appellant knew of facts and actions pointing toward retaliation by the Air Force for his congressional testimony.
 
 
 11
 "Our affirmance of the summary judgment in favor of the defendants includes all the Air Force officials, including Colonel Hans Driessnack, whose identity as an informant in General Cappucci's investigation was not known to appellant three years before the complaint was filed. Appellant had failed to bring timely action against the higher Air Force and Defense officials, although he knew of their actions and statements and had at least constructive knowledge of grounds for the late lodged suit; it would be anomalous and unjust to allow appellant to begin an action against lesser fry merely because their identity and participation were earlier unknown. The matter would stand differently if appellant had proceeded with diligence within the 3-year period by suing those conspirators known to him at the time, and later sought to add other participants whose identity he learned in the course of that suit."
 
 
 12
 Id. at 229.
 
 
 13
 It is apparent from Pike's complaint that he knew shortly after his termination that he had been fired by defendant Warmon, who was Mayor at the time, that the termination was without cause, that his public hearing was defective,[2] and that damaging statements were made about him publicly. These same actions prompted Harold Miller, Pike's assistant who was also terminated, to file a lawsuit against these same defendants within the statutory period. See Miller, 705 F.2d 368. Like the DC Circuit in Fitzgerald, we believe that Pike knew of the facts which resulted in the alleged deprivation of his constitutional rights at the time the alleged deprivations occurred; that he may not have known all of the actors is insufficient to toll the statute of limitations.
 
 
 14
 Pike also seeks to avoid the bar of the limitations period by alleging that the constitutional violations are continuing in nature. A continuing violation generally arises in the context of unconstitutional employment discrimination. It is usually based on a showing that an employer continues to implement an illegal system or policy, such as race discrimination, that came into being prior to the limitations period. If employment decisions made under that policy result in constitutional violations within the limitations period, a continuing violation may be shown. A suit challenging a systematic policy is not barred even though the policy began before the limitations period, because the policy itself continues to violate employees' rights. See, e.g., McKenzie v. Sawyer, 684 F.2d 62, 72 (D.C.Cir.1982); Williams v. Owens-Illinois Inc., 665 F.2d 918, 924 (9th Cir.), cert. denied, 459 U.S. 971, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982); Jewett v. ITT, 653 F.2d 89, 91 (3d Cir.), cert. denied, 454 U.S. 969, 102 S.Ct. 515, 70 L.Ed.2d 386 (1981); Rich v. Martin Marietta Corp., 522 F.2d 333, 348 & n. 15 (10th Cir.1975).
 
 
 15
 However, a plaintiff may not use the continuing violation theory to challenge discrete actions that occurred outside the limitations period even though the impact of the acts continues to be felt. See United Air Lines v. Evans, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977). The courts generally have concluded that unconstitutional employment termination is a completed one-time violation, and that its natural subsequent effects do not give rise to application of the continuing violation doctrine. See, e.g., id.; Berry v. Board of Supervisors, 715 F.2d 971, 980 (5th Cir.1983); Dumas v. Town of Mount Vernon, 612 F.2d 974, 977-78 (5th Cir.1980); Daughtry v. King's Department Stores, Inc., 608 F.2d 906, 909 (1st Cir.1979); Collins v. United Air Lines, Inc., 514 F.2d 594, 596 (9th Cir.1975).
 
 
 16
 In his complaint Pike alleges that defendants have continued to deny him reinstatement and a due process hearing, and have continued to maintain employment records reflecting that he was discharged for cause. These acts are the natural result of the original employment decision and are therefore not grounds for permitting Pike to challenge defendants' time-barred conduct under the theory of continuing violation.[3]
 
 
 17
 Pike also argues on appeal that he has alleged sufficient facts in his complaint to state a new cause of action against defendants arising in 1981. He contends that the existence of the adverse employment records is a present violation of his constitutional rights. We cannot agree that merely maintaining these records is a present violation rather than the natural effect of his discharge. Pike also contends on appeal that one of the defendants, Powell, recently stated publicly that Pike's discharge was justified, thereby depriving Pike of his constitutionally protected interest in his professional reputation and ability to obtain other employment. We have searched in vain for any such allegation in Pike's complaint. In fact, the complaint alleges that Powell has stated publicly that Pike was wrongfully discharged. See Rec., vol. I, at 6. The complaint does contain the broad conclusory allegation that all defendants continue to damage Pike's reputation by "representing to third persons and to the public that the fault claimed and defamatory statements made against Plaintiff were true." Id. at 5. However, this allegation is inadequate under Fed.R.Civ.P. 8(a)(2) because it pleads insufficient facts concerning time, place, actors, or conduct to enable defendants to respond. See generally Mountain View Pharmacy v. Abbott Laboratories, 630 F.2d 1383, 1386-88 (10th Cir.1980).
 
 
 18
 In sum, we conclude that Pike's claims are barred by the applicable statute of limitations. We find no basis in his complaint, construing the allegations liberally in his favor, for holding that the period should be tolled due to either fraudulent concealment or a continuing violation. Moreover, we conclude that Pike has failed to state a claim for relief based on any acts by defendants occurring within the limitations period.
 
 
 19
 We now consider defendants' argument that the trial court erred in denying their motion for attorney's fees pursuant to 42 U.S.C. Sec. 1988 (1976). Under section 1988, the court may exercise its discretion to award counsel fees to a prevailing defendant "only when the plaintiff's underlying claim is 'frivolous, unreasonable, or groundless.' " Roadway Express, Inc. v. Piper, 447 U.S. 752, 762, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978)); see also Hughes v. Rowe, 449 U.S. 5, 14-15, 101 S.Ct. 173, 178-179, 66 L.Ed.2d 163 (1980). In this case, the lower court found that "plaintiff's action was brought in good faith, and was neither frivolous, unreasonable, nor without foundation." Rec., supp. vol. I, at 1. We find no abuse of discretion.
 
 
 20
 Accordingly, the district court's orders dismissing Pike's complaint and denying defendants' request for attorney's fees are affirmed.
 
 
 
 [1]
 The judge noted that some courts have applied the three-year period in Kan.Stat.Ann. Sec. 60-512 (1976) for "[a]n action upon a liability created by a statute" to civil rights actions. However, the court concluded that Pike's claim would be barred under that statute as well
 
 
 [2]
 Specifically, Pike alleges that the hearing was defective because:
 "a. It was not heard by a fair and impartial tribunal in that Defendant Warman prepared the charges, ordered the dismissal, acted as hearing officer, and made the decision to uphold the dismissal;
 "b. The allegations of misconduct provided Plaintiff prior to the said hearing were vague, unspecific, contained no dates of alleged incidences and named no accusors.
 "c. Plaintiff was not given adequate notice of the charges against him to prepare for his defense;
 "d. Defendants Warman, King, Lauber, Mellot, Neal and Schmitz conspired together and made numerous attempts during the year 1975 in their individual and official capacities to discredit Plaintiff in the press, and to have him dismissed from his employment, thus depriving Plaintiff of equal protection of the law and of privileges and immunities guaranteed him by the United States Constitution. Numerous defamatory statements were made about Plaintiff by said Defendant, which statements were untrue and tended to discredit Plaintiff in his employment and hold him up to public ridicule."
 Rec., vol. I, at 6-7. Pike undeniably was aware of these facts at the time the acts took place.
 
 
 [3]
 Pike also appears to assert a continuing violation based on the alleged ongoing fraudulent concealment conspiracy by defendants. This position is without merit. See Singleton v. City of New York, 632 F.2d 185, 192 (2d Cir.1980), cert. denied, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981); Hostrop v. Board of Junior College District No. 515, 523 F.2d 569, 576 (7th Cir.1975), cert. denied, 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976)