5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ellen Christine ROMERO, Plaintiff-Appellant,
v.
Joseph CALDWELL, State Judge, 8th Judicial District,
individually and officially; John O'Brien, individually;
Stacey O'Brien, individually; Brigitte Lotze, individually;
Michael Knight, County of Taos, Office of Manager for the
Department of Human Services, individually and officially;
Elizabeth Dinsmore, individually; Sam Sanchez,
individually; Sammy Pacheco, District Attorney, 8th
Judicial District, individually and officially; Angela
Adams, Counsel Office of General Counsel DHS, individually
and officially; Katherine Souder, Attorney, County of Taos,
Department of Human Services, individually and officially;
Peggy Nelson, State Judge, 8th Judicial District,
individually and officially; John Doe; Jane Doe,
Defendants-Appellees.
 No. 93-2022.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 27, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and CAUTHRON,* * District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Ellen Christina Romero appeals the district court's dismissal of her civil rights action alleging her constitutional rights were violated in the course of state child abuse and child custody proceedings involving her grandson. Although plaintiff was not a party to those state proceedings, she was restricted by order of the state court from visiting her grandson. Plaintiff alleged that defendants, all of whom were involved in the state proceedings in some fashion, were liable under 42 U.S.C.1983 and 1985 for violating her constitutional rights to due process, equal protection, free speech, access to the courts, and to associate with and protect her grandson. Plaintiff sought a declaration that all findings and orders arising from the state court proceedings (state orders) were void, an injunction to prevent future use of the state orders, and compensatory damages. She also sought a declaration that the New Mexico State Children's Code is unconstitutional in its entirety and an order directing a federal criminal investigation of defendants.
 
 
 4
 Defendants filed motions for dismissal for failure to state a claim. The district court ruled that to the extent plaintiff's claims arose from events occurring more than three years before she filed her complaint, they were barred by the statute of limitations. The court dismissed all remaining claims for the same reasons it had dismissed similar claims asserted by plaintiff's son in a related action, none of which are pertinent to our disposition on appeal. We exercise jurisdiction under 28U.S.C. 1291 and affirm.
 
 
 5
 When reviewing a dismissal order, we assume facts alleged in the complaint are true. Pike v. City of Mission, 731 F.2d 655, 658 (10th Cir.1984). " '[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Id., (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).
 
 
 6
 After reviewing plaintiff's arguments, the record, and the applicable law, we agree with the district court that all claims that relate to events occurring more than three years before the filing of the complaint are barred by the applicable three-year statute of limitations. See Wilson v. Garcia, 471 U.S. 261 (1985). Plaintiff admits that she learned in 1985 that she was not permitted to see her grandson. The statute of limitations for 1983 actions accrues from the date the plaintiff learned or had reason to know of the injury which is the basis of the claim. Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir.1991). Plaintiff's delayed realization in 1991 that she may have a legal remedy for her alleged injury does not establish grounds for equitable tolling of the statute of limitations. Cf. Kern ex rel. Kern v. St. Joseph Hosp., Inc., 697 P.2d 135 (N.M.1985)(doctrine of fraudulent concealment inapplicable if plaintiff, through exercise of reasonable diligence, should have discovered cause of action); Pike, 731 F.2d at 658 (for equitable tolling to apply, failure to discover cause of action cannot be result of plaintiff's lack of diligence, but must be due to affirmative acts of concealment by defendants which would conceal claim from reasonably diligent plaintiff). Therefore, all claims except those arising from the July 10, 1989, state court hearing are barred by the statute of limitations.
 
 
 7
 We have carefully reviewed plaintiff's ninety-nine page complaint and conclude that the district court appropriately dismissed the remaining claims, although for reasons other than those stated by the district court. See Hernandez v. George, 793 F.2d 264, 269 (10th Cir.1986)(appellate court may affirm district court on any ground supported by the record, even if not specifically relied on by the district court). Our concern lies with the plaintiff's standing. As a constitutional minimum for standing, plaintiff must show that she has suffered an injury in fact which is fairly traceable to the challenged actions of the defendants, and which will likely be redressed by a favorable decision from the court. Ash Creek Mining Co. v. Lujan, 969 F.2d 868, 874 (10th Cir.1992)(citations omitted); see also Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982). Plaintiff must assert her own legal rights and cannot, in this situation, rest her constitutional claims on injuries to her son and grandson. See Housing Auth. of Kaw Tribe of Indians v. City of Ponca City, 952 F.2d 1183, 1187 (10th Cir.1991), cert. denied, 112 S.Ct.1945 (1992).
 
 
 8
 Plaintiff alleged that, acting wholly without jurisdiction, defendants held the July 10 hearing, and defendant Honorable Peggy Nelson entered findings and judgments. Further, plaintiff alleged she did not receive notice of the findings and judgments, nor did she hear about them. Plaintiff grounds her attack on the July 10 hearing on the allegation that she "just knows that more sickening actions and false fabricated 'evidence' was probably manufactured and used against her." R. 1 at 92. Finally, she alleged that the July 10 hearing caused her stress and worry about her grandson, and further inflicted pain, havoc, heartbreak, and stress because defendants used the proceeding for their own personal designs thereby abusing and misusing "the good name of the State of New Mexico." Id. We hold that these allegations do not demonstrate a distinct and palpable injury sufficient to confer standing. Glover River Org. v. United States Dep't of Interior, 675 F.2d 251, 254 (10th Cir.1982) (holding that conjectural and hypothetical injury is not enough; injury must be "real and immediate").
 
 
 9
 Finding none of plaintiff's assigned points of error persuasive, we AFFIRM the judgment of the United States District Court for the District of New Mexico.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3