Jonathan K. WARE, Plaintiff,

v.

**UNION PACIFIC RAILROAD COMPANY OMAHA,**
Defendant.

No. CIV.A.03–2145–KHV.

United States District Court,
D. Kansas.

Aug. 21, 2003.

---

Bert S. Braud, The Popham Law Firm, P.C., Kansas City, MO, for Plaintiff.

Craig M. Leff, Gregory F. Maher, James M. Yeretsky, Yeretsky & Maher, L.L.C., Overland Park, KS, for Defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Jonathan K. Ware brings suit against Union Pacific Railroad Company Omaha, alleging discrimination, hostile work environment, harassment, retaliation and termination on account of race in violation of 42 U.S.C. § 1981. The matter is before the Court on defendant's *Motion To Dismiss* (Doc. # 4) filed May 22, 2003. For reasons stated below, the Court sustains defendant's motion.

## Legal Standard

In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well pleaded facts in the complaint and views them in a light most favorable to plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). The Court makes all reasonable inferences in favor of plaintiff, and liberally construes the pleadings. Rule 8(a), Fed.R.Civ.P.; *Lafoy v. HMO Colo.*, 988 F.2d 97, 98 (10th Cir.1993). The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his theories of recovery that would entitle him to relief. *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan.*, 927 F.2d 1111, 1115 (10th Cir.1991). Although plaintiff need not precisely state each element of his claims, he must plead minimal factual allegations on material elements that must be proved. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

 The statute of limitations is an affirmative defense, but if the dates given in the complaint make clear that the right sued upon has been extinguished, plaintiff has the burden of establishing a factual basis for tolling the statute. *Aldrich v. McCulloch Prop., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980) (citing *Lukenas v. Bryce's Mountain Resort, Inc.*, 538 F.2d 594, 597 (4th Cir.1976); *Burke v. Gateway Clipper, Inc.*, 441 F.2d 946, 948 (3d Cir. 1971)). Statute of limitations questions may therefore be appropriately resolved on a Fed.R.Civ.P. 12(b) motion. *Aldrich*, 627 F.2d at 1041 n. 4 (citing 5 C. Wright & A. Miller, Federal Practice & Procedure § 1357, at 606–608 (1969)).

## Factual Background

Plaintiff alleges the following facts:

Defendant employed plaintiff, an African–American male, from March 1995 until his termination on August 10, 2001. Defendant discriminated against him on account of race on four specific occasions during his employment.

1. In January of 1996, plaintiff asked defendant's yardmaster, a Caucasian male, if someone would show him around because he was new to the yard. The yardmaster refused and threatened an insubordination charge if plaintiff did not get to work. Plaintiff then injured his shoulder while working. He missed several months of work and defendant disciplined him. Defendant did not discipline the yardmaster in connection with the incident. Plaintiff complained to defendant's Arbitration Board, which overturned the disciplinary decision.

2. In 1997, an African–American co-worker pushed plaintiff. Defendant pulled plaintiff and the co-worker out of service, investigated the incident and terminated both employees. Several months later, plaintiff and the co-worker returned to work after signing waivers not to pursue any action against defendant. Defendant allowed two Caucasian employees who were involved in a fist fight to continue working and only sent them to anger management classes.

3. In August of 2000, plaintiff was working as a conductor. The engineer and machinist on the train, both Caucasian, did not clean the engine before leaving. Although this was their responsibility, defendant disciplined plaintiff and not the engineer or machinist. Defendant suspended plaintiff for 30 days without pay. When plaintiff's union complained about this incident, defendant offered to lower plaintiff's discipline level if plaintiff signed a statement withdrawing all discrimination claims. Plaintiff refused.

4. In July of 2001, plaintiff ran over a derail, causing one wheel of the train to come off the track and damaging the train

gear boxes.[1] Defendant charged plaintiff with a Level 5 discipline, which is the most serious offense for an accident of this nature. According to defendant's policy, a Level 5 discipline results in a drug/alcohol test and immediate, permanent dismissal. Plaintiff appealed the disciplinary action at a hearing on August 2, 2001. Defendant terminated plaintiff on August 10, 2001. At least two Caucasian employees derailed trains in this time frame, but defendant did not discipline them as seriously as it did plaintiff.

On March 18, 2003, plaintiff filed this suit. Plaintiff alleges that defendant created a hostile work environment and engaged in a pattern or practice of discrimination in violation of 42 U.S.C. § 1981 by intentionally subjecting him and other minority employees to different treatment, discipline and job duties than their Caucasian counterparts. Plaintiff generally alleges that on account of race, defendant failed to promote him and other minority employees, retaliated against him and other minority employees, and terminated his employment and that of other minority employees.

### Analysis

Defendant argues that to the extent they are based on the 1996 and 1997 incidents, plaintiff's claims are barred by the four-year statute of limitations set forth in 28 U.S.C. § 1658. Plaintiff argues that although the 1996 and 1997 incidents occurred outside the statute of limitations, they are actionable under the continuing violation theory because they are part of an ongoing hostile work environment.

■ In 1990, Congress enacted 28 U.S.C. § 1658, which states that "a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." As originally enacted, 42 U.S.C. § 1981 directed that "[a]ll persons ... shall have the same right ... to make and enforce contracts." *Harris v. Allstate Ins. Co.*, 300 F.3d 1183, 1186 (10th Cir.2002). That statute, which was codified as 42 U.S.C. § 1981(a) in 1991, protects the right to the make contracts, *i.e.* contract formation, and the right to enforce contracts, *i.e.* the right of access to legal process. *Id.* at 1189. In 1991, Congress added Sections 1981(b) and (c), which "essentially created a new cause of action to challenge an employer's discriminatory post-formation conduct."[2] *Id.* at 1187. The four-year statute of limitations of Section 1658 applies to claims brought under Sections 1981(b) and (c), which were enacted one year after Section 1658. *Id.* at 1192. Claims brought under Section 1981(a),

---

**1.** According to his complaint, plaintiff was driving the train forward to pick up the brakeman. The complaint does not explain what a derail is nor does it make clear whether plaintiff's job duties included driving the train.

**2.** As amended, 42 U.S.C. § 1981 provides:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every other kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

which was enacted several years before Section 1658, are subject to the relevant state statute of limitations for personal injury. *Id.* at 1191.

■ Plaintiff's claims arise under Section 1981(b) because they relate only to defendant's conduct after the formation of plaintiff's employment contract with defendant.[3] *Id.* at 1187. Accordingly, plaintiff's claims are subject to the four-year statute of limitations of Section 1658. *Id.* at 1192.

■ Plaintiff argues that the incidents in 1996 and 1997 are part of an ongoing hostile work environment, and are therefore actionable under a continuing violation theory regardless of the statute of limitations. Defendant correctly responds that the Tenth Circuit does not apply the continuing violation theory to causes of action arising under Section 1981. *Harris*, 300 F.3d at 1193.

■ The continuing violation theory developed in cases involving Title VII of the Civil Rights Act of 1964. *Thomas v. Denny's Inc.*, 111 F.3d 1506, 1513 (10th Cir. 1997). Under Title VII, plaintiff must file administrative charges with the Equal Employment Opportunity Commission ("EEOC") either 180 or 300 days after an alleged unlawful employment practice. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (citing 42 U.S.C. § 2000e–5). When a series of acts constitutes a violation of Title VII, the Court considers them as a whole as long as plaintiff files administrative charges on time for at least one of the acts. *Id.* at 105, 122 S.Ct. 2061.

■ Unlike Title VII, Section 1981 does not require plaintiff to file administrative charges. *Thomas*, 111 F.3d at 1514. Because the continuing violation theory is a creature of the need to file administrative

charges, and because a Section 1981 claim does not require plaintiff to file such charges before a judicial action may be brought, the continuing violation theory is "simply not applicable" to Section 1981 claims. *Id.; Harris*, 300 F.3d at 1193 n. 2; *Amro v. The Boeing Co.*, 153 F.3d 726, 1998 WL 380510, at *2 n. 4 (10th Cir. July 8, 1998).

Because plaintiff only seeks relief under Section 1981 and the continuing violation theory does not apply, any claims based on conduct that occurred before March 18, 1999—including the incidents in 1996 and 1997—are barred by the statute of limitations.

Plaintiff relies on *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), for the proposition that acts of discrimination in hostile work environment cases need not all fall within the statute of limitations. In *Morgan*, the Supreme Court held that courts should consider the entire scope of a hostile work environment claim arising under Title VII, even if some of the alleged behavior falls outside the statutory time period. *See* 536 U.S. at 105, 122 S.Ct. 2061. The only requirement is that one act contributing to the hostile work environment occur within the statutory time period. *Id.*

Because plaintiff in *Morgan* sued only under Title VII, the Supreme Court's decision is based on Title VII, not Section 1981. *See id.* at 104, 122 S.Ct. 2061. As noted, however, the Tenth Circuit has specifically refused to apply the continuing violation theory to Section 1981 claims. *See Harris*, 300 F.3d at 1193 n. 2; *Amro*, 1998 WL 380510, at *2 n. 4; *Thomas*, 111 F.3d at 1514. Tenth Circuit law is controlling and *Morgan* does not apply to this

---

**3.** Defendant hired plaintiff in 1995 and the incidents described in the complaint began in 1996.

case because plaintiff's claims arise under Section 1981, not Title VII.[4]

Relying on *Madison v. IBP, Inc.,* 330 F.3d 1051, 1060 (8th Cir.2003), plaintiff argues that the Court should extend *Morgan* to Section 1981 claims. In *Madison,* plaintiff brought hostile work environment claims under both Title VII and Section 1981. 330 F.3d at 1051. Because of faulty jury instructions, the Eighth Circuit vacated plaintiff's award of punitive damages and remanded that part of the case for a new trial. *Id.* Plaintiff petitioned for writ of certiorari on the question "whether a plaintiff who proves a continuing violation of her civil rights under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, is entitled to recover punitive damages for conduct occurring outside the statute of limitations." *Madison v. IBP, Inc.,* 536 U.S. 919, 122 S.Ct. 2583, 153 L.Ed.2d 773 (2002). The Supreme Court granted certiorari, vacated the judgment and remanded for further consideration in light of *Morgan. Id.* On remand, the Eighth Circuit held that the continuing violation theory applies to hostile work environment claims arising under Section 1981. 330 F.3d at 1061.

While the Court recognizes that the Eighth Circuit has extended *Morgan* to Section 1981 claims, it is bound by Tenth Circuit law, which specifically says that the continuing violation theory does not apply to Section 1981 claims. *Harris,* 300 F.3d at 1193 n. 2; *Amro,* 1998 WL 380510, at \*2 n. 4; *Thomas,* 111 F.3d at 1514. Since the Supreme Court decided *Morgan* on June 10, 2002, other judges in this judicial district have refused to extend the continuing violation theory to Section 1981 claims. *See Hernandez v. Data Sys. Int'l,* No. 02–2193–JWL, 2003 WL 21355928, at \*7 (D.Kan. June 10, 2003); *Henderson v. Int'l Union,* No. Civ.A. 0–2575–CM, 2003 WL 21312335, at \*27 (D.Kan. June 6, 2003). The Court concurs in these well reasoned opinions and declines plaintiff's invitation to extend *Morgan* to Section 1981 claims.[5]

**IS THEREFORE ORDERED** that defendant's *Motion To Dismiss* (Doc. # 4) filed May 22, 2003 be and hereby is **SUSTAINED.** All claims which are based on the alleged incidents in 1996 and 1997 are barred by 28 U.S.C. § 1658, and are therefore **DISMISSED.**

---

**4.** The Supreme Court decided *Morgan* on June 10, 2002 and the Tenth Circuit did not decide *Harris* until August 15, 2002. The Tenth Circuit did not address *Morgan* in *Harris,* let alone suggest that it would extend *Morgan* to claims under Section 1981.

**5.** Even if the Court applied the continuing violation theory to Section 1981 claims, plaintiff's claims would probably not qualify because the four incidents described in the complaint are discrete acts. Plaintiff may not use the continuing violation theory to challenge discrete actions that occurred outside the limitations period even though the impact of the acts continues to be felt. *Pike v. City of Mission, Kan.,* 731 F.2d 655, 660 (10th Cir.1984) (overruled on other grounds by *Baker v. Bd. of Regents of the State of Kan.,* 991 F.2d 628, 633 (10th Cir.1993)). Termination, failure to promote and isolated disciplinary actions are discrete acts. *See Morgan,* 536 U.S. at 114, 122 S.Ct. 2061.