**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 8, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ROBERT D. LOARD,

        Plaintiff-Appellant,

v.

DENNIS SORENSON; MELVIN
COULTER; CRAIG BALLS,

        Defendants-Appellees.

No. 13-4141
(D.C. No. 2:11-CV-00596-CW)
(D. of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

---

Robert Loard is an inmate in Utah state prison. In 1993, in the wake of an altercation with another inmate that resulted in the inmate's hospitalization, a Utah Department of Corrections (DOC) hearing officer ordered Loard to pay restitution in the amount of one-half of the inmate's medical expenses. The DOC warden adopted the findings and ordered restitution in the amount of $15,030.52.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

In 2011, Loard filed suit in district court against several DOC officials under 42 U.S.C. § 1983, alleging that the DOC's accounting and collection practices violate his due process, equal protection, and Eighth Amendment rights. He also alleged the defendants conspired to defraud him. The district court granted summary judgment for defendants.

Because we find Loard's claims are barred by the statute of limitations, we AFFIRM.

## I. Background

In 1993, Loard assaulted another inmate, resulting in the inmate's hospitalization. The inmate incurred $35,542.17 in medical bills. A prison hearing officer found Loard guilty of fighting and sentenced him to thirty days in punitive isolation. The officer also ordered Loard to pay restitution in the amount of one-half of the other inmate's medical bills. The DOC warden issued an order adopting the hearing officer's findings and setting the amount of restitution at $15,030.52. Soon after, Loard unsuccessfully filed a grievance with the DOC.

According to DOC policy, authorized deductions, including payments of restitution, may be taken from an offender's account. The policy requires attachment of 60% of an inmate's account balance to satisfy restitution obligations and attachment of 60% of all incoming receipts thereafter. The Inmate Funds Accounting Office (IFAO) has garnished Loard's account since

1993, and it will continue to deduct 60% from incoming receivables on his account until the restitution is paid in full.

In 2010, Loard filed another grievance with the DOC objecting to the garnishment of his inmate account. The Grievance Coordinator, defendant Melvin Coulter, denied Loard's grievance because he still owed $9,355.77 in restitution for the 1993 incident. Hearing Officer Craig Balls, another defendant, responded to Loard's grievance and indicated that Utah Code § 64-13-23 allows the DOC to withhold funds for department-ordered restitution. Another defendant, Warden Dennis Sorenson, concluded that collections from Loard's accounts conformed with DOC policy and did not violate the Constitution.

In 2011, Loard filed suit in federal court, asserting that the defendants' accounting and collection practices violate his due process, equal protection, and Eighth Amendment rights. He also alleged the defendants conspired to defraud him. The district court granted summary judgment for defendants. The court concluded that, to the extent Loard's complaint is based on the 1993 restitution order, it is barred by the statute of limitations; and the defendants were entitled to qualified immunity on any timely claims. Loard filed a timely appeal.

## II. Analysis

We review a grant of summary judgment de novo, drawing all reasonable inferences and resolving all factual disputes in favor of the non-moving party. *Yousuf v. Cohlmia*, 741 F.3d 31, 37 (10th Cir. 2014). Summary judgment is

appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because Loard is proceeding *pro se*, we construe his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

The district court correctly concluded that the statute of limitations prevents Loard from bringing his claims. Utah has a four-year statute of limitations period for § 1983 claims, Utah Code § 78B-2-307(3), which accrue on the date of the constitutional violation. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). Loard's claim accrued when the restitution order became final and his account was subjected to the initial 60% garnishment in 1993. He cannot bring what is essentially a challenge to this restitution order seventeen years after its issuance.

Loard argues that we should apply the "continuing violation" doctrine to allow him to proceed.[1] According to Loard, the clock for the applicable statute of limitations time period begins to run anew every time the IFAO garnishes his account. For support, he cites *Havens Realty Corp. v. Coleman*, 455 U.S. 363

---

[1] The government argues that Loard is prevented from raising the continuing violation doctrine on appeal because he did not present this argument to the district court. *See Shell Rocky Mountain Prod., LLC v. Ultra Res., Inc.*, 415 F.3d 1158, 1164 (10th Cir. 2005) ("As a general rule, we do not review matters raised for the first time on appeal."). Although Loard did not expressly present the continuing violation theory to the district court, it is clear that the complaint alleged injury each time the IFAO garnished his account. Pursuant to our obligation to construe *pro se* filings liberally, we find that Loard sufficiently raised the issue to the district court.

(1982).  In *Havens*, the Supreme Court held that, for purposes of the 180-day limitations period for Fair Housing Act claims, a complaint is timely if filed within 180 days of the last alleged discriminatory act.  *Id.* at 380–81.  Accordingly, argues Loard, his complaint was timely because it was filed within four years of the latest alleged unconstitutional garnishment of his account.

Although we have never announced a precedential rule as to the applicability of the continuing violation doctrine to § 1983 claims, we have had occasion to decline to apply the doctrine to certain claims.  For example, in *Pike v. City of Mission*, we held that a plaintiff was barred from bringing a claim arising from a termination that occurred outside the limitations period even though the defendants denied him reinstatement and a due process hearing within the limitations period.  731 F.2d 655, 660 (10th Cir. 1984) (en banc), *abrogated on other grounds by Baker v. Bd. of Regents*, 991 F.2d 628 (10th Cir. 1993).  We held that "a plaintiff may not use the continuing violation theory to challenge discrete actions that occurred outside the limitations period even though the impact of the acts continues to be felt."  *Id.*  The denial of reinstatement and a due process hearing were the "natural result of the original employment decision and are therefore not grounds for permitting Pike to challenge defendants' time-barred conduct under the theory of continuing violation."  *Id.*; *see also Bergman v. United States*, 751 F.2d 314, 317 (10th Cir. 1984) ("A continuing violation is

occasioned by continual unlawful acts, not by continual ill effects from the original violation.") (internal quotation marks and citation omitted).

In an unpublished opinion, a panel of this court determined that a plaintiff's unconstitutional seizure claim was barred because the allegedly false arrest and imprisonment occurred outside the limitations period. *McCormick v. Farrar*, 147 F. App'x 716 (10th Cir. 2005). In *McCormick*, the plaintiff was arrested on a Friday, July 22. The arresting officer told the plaintiff that, because the plaintiff was going to be charged with battery, jail policy required his detention until he could see a judge, which could not occur until Monday, July 24. Even though the end of the plaintiff's incarceration, July 24, was within the limitations period, "[t]he fact that he had to remain in jail . . . [was] simply the continuing effect of the application of the policy on July 22." *Id.* at 723. Because the date the policy was applied fell outside the limitations period, the plaintiff's claim was barred.

Assuming, without deciding, that the continuing violation doctrine applies to § 1983 claims, Loard is still barred from bringing his constitutional claims against the prison officials. In 1993, the DOC ordered Loard to pay restitution and, ever since, the IFAO has been garnishing Loard's account pursuant to that order and the relevant prison policies concerning collection. The alleged injuries are the continuing effects of a "discrete act"—the imposition of the 1993 restitution order. *Id.* This order triggered the DOC's attachment policies and permitted garnishment of 60% of Loard's 1993 account balance and 60% of all

income thereafter. Any recent garnishment of Loard's income was not a new, discrete constitutional violation; rather, it was simply the natural result of the allegedly unconstitutional 1993 restitution order. Because Loard's claim accrued when the order became final and the DOC first garnished his account in 1993, the district court correctly concluded that Utah's statute of limitations bars Loard's claims.[2]

Loard also argues the district court erred in denying his motion to amend the complaint. On appeal, he explains that he needed the opportunity to amend his complaint to provide more facts concerning the 1993 altercation. Specifically, Loard wanted to include information that the inmate with whom he fought was an Oregon convict who was being held in Utah pursuant to an interstate compact. *See* Utah Code § 77-28-1. Because the compact requires the sending state to cover medical expenses, Loard believes that Utah's collection of restitution is an example of "double-dipping." But even if his motion had been properly framed and argued, this new information does not change the fact that Loard's claims are

---

[2] Loard also alleged the defendants, by rejecting the grievances he filed in 2010, conspired to defraud him. This claim is not barred by the statute of limitations, but the district court was correct to conclude that Loard has introduced no facts that tend to show a conspiracy existed. Each defendant's independent rejection of Loard's grievances, pursuant to applicable DOC collection policies, does not establish the existence of a conspiracy to defraud. *Cf. Backus v. Ortiz*, 246 F. App'x 561, 565–66 (10th Cir. 2007) (holding that defendants' collection of money from plaintiff's account to satisfy restitution order demonstrated "only a concerted effort to apply [plaintiff's] funds to the payment of the criminal judgment entered against him," not a conspiracy to violate his constitutional rights).

barred by the statute of limitations. Because Loard's amendment would have been futile, the district court did not err in denying his motion. *See Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001).

## III. Conclusion

Because Loard's claims are barred by the statute of limitations, we need not address the defendants' qualified immunity claims. We AFFIRM the judgment of the district court and GRANT the motion to proceed *in forma pauperis*. We decline to accept Loard's untimely reply brief.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge