**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 5, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL S. CARROLL, II, an
individual,

Plaintiff - Appellant,

v.

TILLIE J. ROUTH, Attorney at
Law; and PETER K. MICHAEL,
Attorney General, State of
Wyoming, in their individual
capacities,

Defendants - Appellees.

No. 19-8065
(D.C. No. 2:19-CV-00080-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

This appeal involves timeliness. The plaintiff, Mr. Michael Carroll,

II, is an inmate involved in a child-support dispute. The state district court

ordered him to pay $50 per month in child support and enforced the order

by withholding his income from prison jobs for roughly six years. In

response, Mr. Carroll sued the state attorney general and the attorney

---

[*] This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

representing the mother who was seeking child support.[1] Because the limitations period was four years and Mr. Carroll waited over four years to sue, the district court dismissed the action.

Mr. Carroll appeals, arguing that the district court was biased and failed to treat the continued withholding of his income as a continuing tort. We reject both arguments.[2]

## 1. Mr. Carroll forfeited his argument involving judicial bias.

According to Mr. Carroll, the district court displayed bias by referring to details of his past convictions even though they were unrelated to the defendants' motions to dismiss. Mr. Carroll adds that the district court did the same when ruling against another prisoner, referring to his past convictions even though they were irrelevant to the issues in his case.

Mr. Carroll admits that he did not raise this argument in district court, which creates a forfeiture. Appellant's Opening Br. at 4. Despite the forfeiture, Mr. Carroll argues that we should consider the new argument because the circumstances are extraordinary. But our cases require a more guarded approach when an appellate argument was not raised in district

---

[1]    Mr. Carroll claimed that the underlying state statute violated the U.S. Constitution by creating an irrebuttable presumption.

[2]    The district court also ruled that Mr. Carroll had not stated a valid claim against the mother's attorney because she had not acted under color of state law. We need not address this part of the ruling because we conclude that the action is time-barred.

court. In these circumstances, we can ordinarily consider the new argument only under the standard for plain error. *Murphy v. City of Tulsa*, 950 F.3d 641, 654 n.17 (10th Cir. 2019); *see also Romero v. City of Albuquerque*, 190 F. App'x 597, 606 (10th Cir. 2006) (unpublished) (applying the plain-error standard to an appellate argument involving judicial bias). But Mr. Carroll does not request plain-error and the omission precludes any review of the new argument. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) (holding that "the failure to argue for plain error and its application . . . surely marks the end of the road for an argument for reversal not first presented to the district court"). We thus decline to consider Mr. Carroll's new argument of judicial bias.

## 2. The continued withholding of Mr. Carroll's income would not create a continuing tort.

In reviewing the dismissal based on timeliness, we engage in de novo review. *Colby v. Herrick*, 849 F.3d 1273, 1279 (10th Cir. 2017). Applying de novo review, we credit Mr. Carroll's well-pleaded allegations in the complaint but independently determine the applicability of the statute of limitations. *Id.*

The parties agree that a four-year period of limitations applies. This period began running when Mr. Carroll knew or should have known of the injury. *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). He knew or should have known that his income was being withheld when the state

3

court's order went into effect: January 1, 2013. So the defendants are correct in treating January 1, 2013 as the date that the limitations period begun running.

The four-year period of limitations would ordinarily expire four years later: January 1, 2017. But Mr. Carroll did not sue until April 2019. So his claim would be time-barred without tolling or some other doctrine extending the limitations period.

Mr. Carroll clutches to the doctrine of a continuing tort. This doctrine provides that when a defendant's wrongdoing is ongoing, the cause of action does not accrue until the defendant's ongoing tort has ended. Invoking this doctrine, Mr. Carroll argues that the alleged constitutional violation was ongoing because state officials had withheld $50 from his prison income every month. The district court concluded that the continuing-tort doctrine did not apply, and we agree.

We have never definitively said whether the continuing-tort doctrine applies to § 1983 claims. *See, e.g.*, *Vasquez v. Davis*, 882 F.3d 1270, 1277 (10th Cir. 2018) (stating in 2018 that we had not yet decided whether to apply the continuing-violation doctrine to Section 1983 claims). In many cases, we have assumed for the sake of argument that the doctrine applies. *See, e.g.*, *id.*; *Colby v. Herrick*, 849 F.3d 1273, 1280 (10th Cir. 2017). We can do the same here, assuming for the sake of argument that the continuing-tort doctrine applies to § 1983 cases.

4

Even with this assumption, the doctrine would not apply here. A tort is considered "continuing" only if the defendants' conduct is ongoing. *Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011). But Mr. Carroll does not allege ongoing conduct. He alleges only that the state attorney general and the mother's attorney took discrete actions in 2012 to obtain an order requiring monthly withholding of his income.[3]

Mr. Carroll undoubtedly incurred ongoing injuries from the monthly withholding of his income from prison jobs. But the continuing-tort doctrine does not extend the limitations period when someone suffers continuing injury from a discrete act. *See Vasquez v. Davis*, 882 F.3d 1270, 1277 (10th Cir. 2018) (stating that "the continuing-violation 'doctrine is triggered by continuing unlawful acts but not by continuing damages from the initial violation'" (quoting *Colby v. Herrick*, 849 F.3d 1273, 1280 (10th Cir. 2017))); *Pike v. City of Mission*, 731 F.2d 655, 660 (10th Cir. 1984) ("[A] plaintiff may not use the continuing violation theory to challenge discrete actions that occurred outside the limitations period even though the impact of the acts continues to be felt."), *overruled in part on other grounds as recognized by Canfield v. Douglas Cty.*, 619 F. App'x 774 (10th Cir. 2015).

---

[3] Mr. Carroll also argues that he should have been allowed to amend his complaint to request prospective relief. We need not address this argument because a claim for prospective relief would also be time-barred.

5

We addressed a similar issue in an unpublished opinion, *Loard v. Sorenson*, 561 F. App'x 703 (10th Cir. 2014) (unpublished). There a prisoner sued under § 1983, arguing that ongoing garnishments constituted a continuing tort. 561 F. App'x at 705–06. We rejected the argument, reasoning that the continued garnishments had resulted from the issuance of a restitution order seventeen years earlier. *Id.* at 706. ("Any recent garnishment of [the prisoner's] income was not a new, discrete constitutional violation; rather, it was simply the natural result of the allegedly unconstitutional . . . restitution order."). Because issuance of the restitution order was a discrete act, the continued garnishments could not be considered a continuing tort. *Id.*; *accord Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 481 (3d Cir. 2014) (stating that the continuing-violation doctrine was not triggered by ongoing deductions from a prisoner's account to pay for restitution because the deductions had stemmed from a discrete act).

Though *Loard* is not precedential, its reasoning is persuasive. Mr. Carroll argues that "each monthly $50.00 assessment constitutes continual unlawful acts, not continual ill effects." Appellant's Opening Br. at 6. But the state attorney general and the mother's attorney did not do anything after 2012 to obtain these continued assessments.

Mr. Carroll alleges only that (1) the mother's attorney improperly utilized the state statute in 2012 and (2) the state attorney general did

6

nothing in 2012 to prevent use of this unconstitutional state statute. So if we credit the allegations in the complaint, the ongoing injury resulted from a single discrete action in 2012 to obtain an order withholding Mr. Carroll's income. The district court thus did not err in dismissing the action based on expiration of the limitations period.

**3.    Mr. Carroll did not preserve or adequately develop an argument involving failure to permit amendment of the complaint to add claims under RICO and 42 U.S.C. § 1985(3).**

The district court disallowed amendment of the complaint, and Mr. Carroll does not address this ruling in the body of his opening brief. At the end of his brief, however, he answers a question that appears on the pro se form for opening briefs. Asked whether the district court failed to consider important grounds for relief, Mr. Carroll stated that he "believes that the District Court failed to consider that he could amend the complaint to allege a conspiracy under 42 U.S.C. § 1985(3) or a RICO violation with respect to the mandatory $50.00 child support obligation." Appellant's Opening Br. at 10.

Mr. Carroll never asked the district court for leave to amend or otherwise suggested in district court that he had a possible claim under § 1985(3) or RICO. Even on appeal, Mr. Carroll does not suggest how the state attorney general or the mother's attorney would have incurred liability under § 1985(3) or RICO. We thus consider the single sentence at the end of Mr. Carroll's brief as inadequate to develop an appellate

7

argument on the unavailability of § 1985(3) or RICO. *See Thompson R2-J Sch. Dist. v. Luke P., ex rel. Jeff P.*, 540 F.3d 1143, 1148 n.3 (10th Cir. 2008) (stating that a single fleeting sentence in an appellate brief "is too inadequately developed to be meaningfully addressed and is deemed waived" (citation omitted)).

Affirmed.[4]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[4] Though we affirm, we grant Mr. Carroll's motion for leave to proceed in forma pauperis.