A92A1549. HENRICKSON v. PAIN CONTROL &
REHABILITATION INSTITUTE OF GEORGIA, INC. et al.
(424 SE2d 27)

CARLEY, Presiding Judge.

Alleging that his employment had been terminated as the result of his handicapped status, appellant-plaintiff brought suit against appellee-defendants. After discovery, appellees moved for summary judgment. The trial court granted appellees' motion and appellant appeals.

1. One of appellant's claims was that the termination of his employment had been in violation of 29 USCA § 794, which provides, in relevant part, that "[n]o otherwise qualified handicapped individual in the United States . . . shall, solely by reason of his handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ." The trial court found that appellant's claim under this federal statute was time-barred by OCGA § 34-6A-6 (a), the 180-day statute of limitations applicable to a claim under the Georgia Equal Employment for the Handicapped Code. Appellant enumerates this ruling as error, urging that his claim under the federal statute was timely filed within the two-year statute of limitations established by OCGA § 9-3-33 for personal injury claims.

Federal law does not provide a statute of limitations for claims predicated upon 29 USCA § 794. "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia,* 471 U. S. 261, 266-267 (I) (105 SC 1938, 85 LE2d 254) (1985). Accordingly, the issue for resolution is whether it is OCGA § 34-6A-6 (a) or OCGA § 9-3-33 that constitutes "the most analogous state statute of limitations. . . ." *Board of Regents &c. of New York v. Tomanio,* 446 U. S. 478, 488 (III) (100 SC 1790, 64 LE2d 440) (1980).

OCGA § 34-6A-1 et seq. prohibits discrimination in the employment of handicapped individuals and must, therefore, certainly be deemed the "most analogous" state statute to appellant's *specific claim* under 29 USCA § 794. Appellant urges, however, that OCGA § 34-6A-1 et seq. is not the "most analogous" state statute to the *general provisions* of 29 USCA § 794. Although appellant's specific claim may be predicated upon discrimination in his employment, the scope of the federal statute is broader than OCGA § 34-6A-1 et seq. and

generally prohibits discrimination against handicapped individuals in any program or activity receiving federal financial assistance. It is appellant's contention that, under these circumstances, it is the broader provisions of OCGA § 9-3-33, which provide for a two-year statute of limitations for all personal injury claims, that constitutes the "most analogous state statute of limitations" to any and all claims predicated upon 29 USCA § 794.

Appellant relies upon *Wilson v. Garcia*, supra, as authority for this proposition. In that case, the Supreme Court of the United States mandated the "select[ion], in each State, [of] the one most appropriate statute of limitations for all [42 USCA] § 1983 claims." *Wilson v. Garcia*, supra at 275 (III). Appellant urges that the one most appropriate statute of limitations for all 29 USCA § 794 claims must likewise be selected. However, the holding in *Wilson v. Garcia*, was predicated upon the fact that 42 USCA § 1983 affords a "unique remedy" which is without any "precise counterpart in state law" and that "any analogies to [state] causes of action are bound to be imperfect." *Wilson v. Garcia*, supra at 272 (III). These observations are certainly not applicable in the instant case. As exemplified by OCGA § 34-6A-1 et seq. and various other state statutes, there is nothing "unique" about the remedy that might be afforded a handicapped individual under 29 USCA § 794. Unlike 42 USCA § 1983, 29 USCA § 794 is not broadly drawn so as to encompass numerous and diverse claims of discrimination. It is narrowly drawn so as to encompass only claims of discrimination based solely upon handicapped status. Insofar as employment discrimination is concerned, OCGA § 34-6A-1 et seq. "provide[s] for equivalent remedies" to those afforded handicapped individuals under 29 USCA § 794. *Wilson v. Garcia*, supra at 272 (III). Under these circumstances, it would be anomalous to hold that a handicapped individual who can predicate his claim of employment discrimination upon 29 USCA § 794, because of the fortuitous existence of Federal financial assistance, would be subject to a different statute of limitations than would the handicapped individual who must predicate his claim of employment discrimination upon OCGA § 34-6A-1 et seq., because of the fortuitous absence of Federal financial assistance. As noted in *Wilson v. Garcia*, supra at 275 (III), "uniformity within each State is entirely consistent with the borrowing principle" whereby the "most analogous" state statute of limitations is deemed to apply to a federal claim for which no statute of limitations has likewise been established. Insofar as employment discrimination against handicapped individuals is concerned, such intrastate uniformity can only be achieved by applying the 180-day statute of limitations established by OCGA § 34-6A-6 (a) to a federal claim premised upon 29 USCA § 794. It follows that the trial court did not err in so holding.

2. Appellant's state claim for the intentional infliction of emotional distress was filed within the applicable two-year statute of limitations. However, the trial court granted summary judgment in favor of appellees on the merits of this claim and a review of the record shows that summary judgment was properly granted on that basis. "Since, under applicable provisions of state tort law, at-will employment can be terminated for any or no reason, that [appellees determined to demote or discharge appellant] for whatever reason, without more, gives rise to no claim for the intentional infliction of emotional distress. [Cit.]" *Borden v. Johnson*, 196 Ga. App. 288, 290-291 (2) (395 SE2d 628) (1990). The actions attributed to appellees, "even if done in a manner that embarrassed or humiliated appellant, cannot be characterized as the type of shocking and outrageous behavior necessary for a recovery of damages. [Cits.]" *Bowers v. Estep*, 204 Ga. App. 615, 618 (2) (420 SE2d 336) (1992).

3. Uniform State Court Rule 6.6 provides, in relevant part, that "[n]o trial shall be continued by reason of the delayed filing of a motion for summary judgment." In the instant case, there was no continuance of the trial of appellant's case. Instead, the trial was obviated by the grant of appellees' motion for summary judgment, which was filed more than 30 days before the scheduled date of trial. Accordingly, appellant's contention that Rule 6.6 was violated is without merit.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED OCTOBER 2, 1992 —
RECONSIDERATION DENIED OCTOBER 16, 1992 — 

*Mary P. Schildmeyer*, for appellant.
*Sullivan, Hall, Booth & Smith, Timothy H. Bendin, Eleanor L. Martel*, for appellees.