## S93G0239. HENRICKSON v. SAMMONS et al.
### (434 SE2d 51)

CLARKE, Chief Justice.

Petitioner Henrickson filed suit against respondents, his former employers, alleging that they wrongfully terminated his employment after learning that he is HIV positive. As relates to this grant of certiorari, petitioner alleged that respondents had violated Section 504

of the Rehabilitation Act of 1973, codified as 29 USC § 794. This statute provides, in pertinent part

> No otherwise qualified . . . individual [with a disability]. . . shall, solely by reason of [her or] his [disability], be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . .[1]

The statute does not provide a limitation period for the filing of a lawsuit. The trial court deemed it appropriate to apply the 180-day limitation period of OCGA § 34-6A-6 (a),[2] which is part of the Georgia Equal Employment for the Handicapped Act. As the petitioner's suit was filed nearly two years after his discharge, the trial court concluded that his claim under 29 USC § 794 was time-barred. The petitioner appealed, alleging that the two-year personal injury statute of limitation provided by OCGA § 9-3-33 should have been applied to this claim.

The Court of Appeals affirmed the trial court. *Henrickson v. Pain Control &c. of Ga.,* 205 Ga. App. 843 (424 SE2d 27) (1992). Relying on decisions of the United States Supreme Court, the Court of Appeals noted that

> Federal law does not provide a statute of limitations for claims predicated upon 29 USCA § 794. "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia,* 471 U. S. 261, 266-267 (I) (105 SC 1938, 85 LE2d 254) (1985). Accordingly, the issue for resolution is whether it is OCGA § 34-6A-6 (a) or OCGA § 9-3-33 that constitutes "the most analogous state statute of limitations. . . ." *Board of Regents &c. of New York v. Tomanio,* 446 U. S. 478, 488 (III) (100 SC 1790, 64 LE2d 440) (1980). *Henrickson,* supra, 205 Ga. App. at 843.

In a persuasive opinion the Court of Appeals concluded that be-

---

[1] It is not disputed by the parties that 29 USC § 794 applies to a claim of HIV-related employment discrimination. *Chalk v. U. S. District Court,* 840 F2d 701 (9th Cir. 1988).

[2] This Code section provides, in part,

[a]ny handicapped individual who is aggrieved by an unfair employment practice against such individual may institute a civil action against the persons engaged in such prohibited conduct. Such action may be brought in any court of record in this state having jurisdiction over the defendant and shall be brought within 180 days after the alleged prohibited conduct occurred.

cause OCGA § 34-6A-6 (a) is the most analogous state statute to petitioner's "*specific claim*" under 29 USC § 794, it should be applied. 205 Ga. App. at 843. The Court of Appeals rejected petitioner's argument that *Wilson v. Garcia*, supra, requires a different result.

The task before the U. S. Supreme Court in *Wilson* was to determine the appropriate statute of limitation for a cause of action under 42 USC § 1983, as Congress did not provide one. In *Wilson*, the Supreme Court acknowledged the principle, restated by the Court of Appeals in its opinion, that when Congress has failed to provide a statute of limitation for a federal claim, the practice is to adopt a state statute of limitation not inconsistent with federal law. 471 U. S. at 266-267. However, even when state statutes of limitation are "borrowed" and applied to federal causes of action, the issue of characterization of the claim or cause of action created by the federal statute "is ultimately a question of federal law" rather than state law.[3] Id. at 270. As such, federal courts are not bound by the decisions of state courts characterizing causes of action under federal statutes. Id. at 271.

The initial issue was, therefore, "whether all § 1983 claims should be characterized in the same way for limitations purposes. . . ." Id. at 271. In holding that all § 1983 claims should be uniformly characterized for this narrow purpose, the Court relied on its conclusions that the causes of action which may be brought under § 1983 are diverse and virtually limitless, and that § 1983 was enacted to provide a "uniquely federal remedy against incursions under the claimed authority of state law." Id. at 271. The Court went on to state that

> [t]he experience of the courts that have predicated their choice of the correct statute of limitations on an analysis of the particular facts *of each claim* demonstrates that their approach inevitably breeds uncertainty and time-consuming litigation that is foreign to the central purposes of § 1983. Id. at 272. (Emphasis supplied.)

In conclusion, the Court held that statute of limitation in each state for personal injury claims best characterizes the nature of the remedy offered by § 1983. As Justice O'Connor noted in her dissent, by this opinion, the Court has abandoned its long-standing rule "that courts must identify and apply the statute of limitation of the state *claim* most closely analogous to the particular § 1983 *claim*." Id. at

---

[3] "Congress surely did not intend to assign to state courts and legislatures a conclusive role in the formative function of defining and characterizing the essential elements of a federal cause of action." Id. at 269. "Only the length of the limitations period, and closely related questions of tolling and application are to be governed by state law." Id.

280. (Emphasis supplied.)

In its opinion in the case before us, the Georgia Court of Appeals distinguished *Wilson* on the ground that § 1983 provides a unique remedy which has no counterpart in state law. Because the Court of Appeals determined that there is nothing unique about the remedy afforded by 29 USC § 794, it concluded that the analysis used to decide *Wilson* was inapposite.

> Unlike 42 USCA § 1983, 29 USCA § 794 is not broadly drawn so as to encompass numerous and diverse claims of discrimination. It is narrowly drawn so as to encompass only claims of discrimination based solely on handicapped status. *Henrickson*, supra at 844.

However, the federal courts have characterized the claims afforded by 29 USC § 794 differently than did the Court of Appeals, and, under the holding of *Wilson v. Garcia*, we are bound to follow that characterization.

While the U. S. Supreme Court has not addressed this issue, an overwhelming majority of federal courts have characterized 29 USC § 794 as providing a cause of action for injuries to the person and have, therefore, concluded that a state statute of limitation for personal injury actions is the most analogous to claims brought under 29 USC § 794. In arriving at this consensus, the federal courts have taken slightly different paths. Some courts have held that because of the diversity of civil rights claims encompassed by 29 USC § 794,[4] it is closely akin to claims brought under 42 USC §§ 1983 and 1981. Because of this similarity and the fact that the U. S. Supreme Court has held that state personal injury statutes of limitation apply to claims brought under §§ 1983 and 1981 see *Wilson v. Garcia*, supra, and *Goodman v. Lukens Steel Co.*, 482 U. S. 656 (107 SC 2617, 96 LE2d 572) (1987) respectively, these federal courts have concluded that the state statute of limitation for personal injury is the most analogous to the claims provided by 29 USC § 794. *Bush v. Commonwealth Edison Co.*, 990 F2d 928 (7th Cir. 1993); *Morse v. Univ. of Vermont*, 973 F2d 122 (2nd Cir. 1992); *Hall v. Knott County Bd. of Education*, 941 F2d 402 (6th Cir. 1991). Other courts have taken a

---

[4] In addition to claims of discrimination in termination of employment, the statute has been held to apply to claims regarding educational opportunities, *P.C. v. McLaughlin*, 913 F2d 1033 (2nd Cir. 1990); *Cheeny v. Highland Community Colleges*, 819 FSupp. 749 (N.D. Ill. 1993); discrimination in student housing, *Fleming v. New York Univ.*, 865 F2d 478 (2nd Cir. 1989); public school health restrictions, *N.Y. State Assoc. for Retarded Children v. Carey*, 612 F2d 644 (2nd Cir. 1979); and to a student's claim that the university wrongfully disclosed the fact that he tested positive for the HIV virus. *Doe v. Southeastern Univ.*, 732 FSupp. 7 (D.D.C. 1990).

more circuitous route to reach the same result. These courts have reasoned that, since 29 USC § 794 is patterned on Title VI of the Civil Rights Act, and since, in determining which state statute of limitation applies to Title VI causes of action, the courts have looked to the statutes of limitation applied to §§ 1983 and 1981 actions, the state statute of limitation for personal injury actions should apply. *Wolsky v. Eastern Virginia Med. Auth.*, 795 FSupp. 171 (E.D. Va. 1992); *Doe v. Southeastern Univ.*, 732 FSupp. 7, 9 (D.D.C. 1990).

Thus, while the Court of Appeals correctly characterized petitioner's specific claim as one of employment discrimination to which OCGA § 34-6A-6 (a) would apply, we are bound by the federal characterization of claims brought under 29 USC § 794 as "injuries to the person." *Wilson v. Garcia*, supra. Therefore, we hold that the most analogous statute of limitation is that for personal injury, OCGA § 9-3-33. We recognize, however, as the Georgia Court of Appeals pointed out, that this decision reaches a disharmonious result with regard to intrastate uniformity of statutes of limitation for claims of employment discrimination.

> [I]t would be anomalous to hold that a handicapped individual who can predicate his claim of employment discrimination upon 29 USCA § 794, because of the fortuitous existence of Federal financial assistance, would be subject to a different statute of limitations than would the handicapped individual who must predicate his claim of employment discrimination upon OCGA § 34-6A-1 et seq., because of the fortuitous absence of Federal financial assistance. *Henrickson*, supra at 844.

*Judgment reversed. Clarke, C. J., Hunt, P. J., Benham, Fletcher, Sears-Collins, Hunstein, JJ., and Judge C. Cloud Morgan concur. Carley, J., disqualified.*

DECIDED SEPTEMBER 13, 1993.

*Schildmeyer, Mackinson & Katz, Mary P. Schildmeyer*, for appellant.

*Sullivan, Hall, Booth & Smith, Timothy H. Bendin, Terrance C. Sullivan, Eleanor L. Martel*, for appellees.

*Milton D. Rowan, Gerald R. Weber*, amici curiae.