NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3565
_____

JAMES CIBULA,
Appellant

v.

CHARLES FOX; LLOYD WHITE; MICHAEL GREEN; JEFFREY R. IMBODEN;
CATHERINE C. MCVEY, BENJAMIN MARTINEZ; MATTHEW MANGINO;
JUDITCH E. VIGLIONE; JOHN TUTTLE; KIMBERLY A. BARKLEY; CYNTHIA
DAUB, Individually and in their official capacity as members and Employees of the
Commonwealth of Pennsylvania Board of Probation and Parole; MR. STEINBERG,
Psychologist, SCI MERCER; DEPUTY SUPERINTENDENT RUFFO; DEPUTY
SUPERINTENDENT MAHLMEISTER; MARY JANE ECKERT, CC; THOMAS
BURKHART; JEFFREY LEE HAYDEN; CYNTHIA REED; STEPHEN LAUFER;
UNIT MANAGER COLE; JAMES P. OPPMAN; JOB SUPERVISOR KUSIAK;
REAGAN ROBERTS; ROBERT SMILEY; JAMES OPPMAN, Individually and in their
Official Capacity as Employees of the Pennsylvania Department of Corrections

_____

On Appeal from the District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-12-cv-02065)
District Judge: Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2014

Before: FISHER, SCIRICA, and COWEN, *Circuit Judges*

(Opinion Filed: June 26, 2014)

_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Plaintiff James Cibula brought an action under 42 U.S.C. § 1983 against several employees of the Pennsylvania Department of Corrections and the Commonwealth of Pennsylvania Board of Probation and Parole. He alleges defendants violated his procedural due process rights by classifying him as a sex offender without a prior hearing, violated the Eighth Amendment prohibition against cruel and unusual punishment by subjecting him to abuse and harassment based on this improperly imposed sex offender status, and collectively conspired to violate these constitutional rights. He appeals the District Court's order granting defendants' Rule 12(b)(6) motions to dismiss on the grounds that his claims were not filed within the two-year statute of limitations for § 1983 claims arising in Pennsylvania. We will affirm.[1]

## I.

Cibula's claims arise from his incarceration in a Pennsylvania state prison after pleading *nolo contendere* to two counts of making terroristic threats in the Northampton County Court of Common Pleas on February 5, 2007. After successfully appealing his initial sentence of five to ten years, he was resentenced to consecutive terms of six months to five years on December 21, 2007. One week later, he was transferred to State

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

2

Correctional Institution Mercer ("Mercer") from Northampton County Jail, where he had been imprisoned since February 6, 2006.

Upon arriving at Mercer, officers of the Pennsylvania Department of Corrections recommended that Cibula be treated as a sex offender, which under 42 Pa. Cons. Stat. Ann. § 9718.1 required him to participate in a sex offender treatment program. Cibula contends corrections officers made this determination without affording him any opportunity to contest his designation as a sex offender.[2] While he was serving his sentence, Cibula alleges corrections officers disclosed his sex offender status to guards and inmates, which resulted in other inmates abusing and harassing him.

He also contends his sex offender status impacted his parole applications. He petitioned for parole in July 2008, but the Commonwealth of Pennsylvania Board of Probation and Parole denied his request because he had not completed the sex offender treatment program. After this parole denial, Cibula attempted to participate in the program. But corrections employee Stephen Laufer discharged him from the program because "[r]eview of [his] record indicates all charges of sexual offending [were] withdrawn by the state." *Cibula v. Fox*, No. 1:12-cv-2065, 2013 WL 3871637, at *1 (M.D. Pa. July 25, 2013). Despite this discharge, the Parole Board again denied Cibula parole in August 2009 for failure to complete the program.

In addition to denying Cibula parole in August 2009, the Parole Board issued an Administrative Action on February 3, 2010, stating:

---

[2] Though not entirely clear from the record, the confusion over Cibula's sex offender status appears to stem from the Commonwealth's withdrawal of sex-related charges against him when he pled *nolo contendere* to the terroristic threat charges.

3

> Based on the information provided to the Parole Board, you have not attended and participated in a Department of Corrections program of counseling or therapy designed for incarcerated sex offenders as required by 42 Pa. C.S.A. Section 9718.1(a). Pursuant to 42 Pa. C.S.A. Section 9718.1(b), your offense requires that you participate in sex offender treatment in order to be eligible for parole. Therefore, you will not be interviewed by the Parole Board for parole/reparole until notification is provided by the Department of Corrections that you have attended and participated in a Department of Corrections sex offender treatment program.

*Cibula*, 2013 WL 3871637, at *2 (footnote omitted). Cibula alleges the Parole Board, via this Administrative Action, classified him as a sex offender without a prior hearing. Based on the Administrative Action, he did not apply for parole in 2010 and 2011.

Without a petition from Cibula, the Parole Board granted him parole on May 11, 2011. He was released from prison on August 18, 2011. Approximately fifteen months later, on October 15, 2012, Cibula brought a § 1983 suit against several board members and employees of the Parole Board (collectively, the "Parole Defendants"), alleging violations of his procedural and substantive due process rights and his Eighth Amendment right to protection against cruel and unusual punishment. The District Court dismissed the complaint without prejudice for failure to sufficiently allege that the Parole Defendants were responsible for the due process and Eighth Amendment violations.

On March 28, 2013, Cibula filed an amended complaint, joining several corrections employees as defendants (collectively, the "Corrections Defendants"), withdrawing his substantive due process claim, and including additional factual allegations supporting his procedural due process and Eighth Amendment claims. He now contends the Parole and Corrections Defendants violated his procedural due process rights by classifying him as a sex offender without a prior hearing, violated the Eighth

4

Amendment prohibition against cruel and unusual punishment by subjecting him to abuse and harassment based on his purported sex offender status, and collectively conspired to violate these constitutional rights.

The District Court dismissed the amended complaint because Cibula's claims were not filed within the two-year statute of limitations for § 1983 claims arising in Pennsylvania.[3] The District Court held the statutory period for his claims against the Corrections Defendants accrued upon his arrival at Mercer on December 28, 2007, when he was classified as a sex offender without any form of process. And the claims against the Parole Defendants accrued when the Parole Board issued the Administrative Action on February 3, 2010. Both of these incidents occurred over two years before Cibula filed his initial complaint against the Parole Defendants on October 15, 2012, and his amended complaint against both the Parole and Corrections Defendants on March 28, 2013.

The District Court also rejected Cibula's contention that even if his claims accrued over two years before he filed suit, he can nonetheless bring them under the continuing violations doctrine. Under this doctrine, "when a defendant's conduct is part of a

---

[3] The District Court addressed a number of other issues, but Cibula only appeals the dismissal on statute of limitations grounds. Cibula contends "[a]ll other grounds asserted by the defendants [in support of their motion to dismiss] were either denied, or not addressed by the court." Appellant Br. 11. This is not entirely accurate. The District Court declined to address some issues, found in Cibula's favor on others, and decided two issues against Cibula. First, the court held the Parole Defendants enjoyed absolute immunity for adjudicative decisions, like parole denials. Second, the court dismissed damage claims against the Corrections Defendants for actions taken in their official capacities on Eleventh Amendment grounds. Cibula has waived the right to contest these issues on appeal because he did not raise them in his appellate brief. *See United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001) (internal quotation marks and citation omitted). The District Court held this doctrine did not apply because neither the Parole nor Corrections Defendants took any actions during the limitations period that could be considered part of a continuing violation. While the Corrections Defendants allegedly informed inmates of Cibula's status during the limitations period, the District Court concluded the abuse and harassment he suffered as a result of these disclosures to be "merely the consequences of the original act of deeming [him] a sex offender in 2007." *Cibula*, 2013 WL 3871637, at *8. The District Court also found that the original act of labeling Cibula a sex offender upon his arrival at Mercer was "sufficiently permanent" to trigger his duty to assert his due process rights. *Id.* Cibula timely appealed.

**II.**

Cibula challenges the District Court's dismissal of his § 1983 claims as barred by Pennsylvania's two-year statute of limitations. He argues that even if his claims did not accrue within two years of filing suit, they are nonetheless actionable under the continuing violations doctrine. We first address whether his claims were timely filed and then whether the continuing violations doctrine applies.

**A.**

We exercise plenary review over the District Court's dismissal of a claim under Rule 12(b)(6) for failure to comply with the statute of limitations. *In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*, 543 F.3d 150, 160 (3d Cir. 2008). The statute of

limitations is an affirmative defense, which may be raised in a Rule 12(b)(6) motion if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)) (internal quotation marks omitted). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Id.* (internal quotation marks and citation omitted).

For § 1983 claims, federal courts apply the statute of limitations governing personal injury actions in the state where the cause of action arose. *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). In Pennsylvania, the statute of limitations for personal injury claims is two years. *Id.* (citing 42 Pa. Cons. Stat. Ann. § 5524(7) (West Supp. 2003)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which its action is based.'" *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (quoting *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998)). "The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known." *Id.* (citing *Barren v. United States*, 839 F.2d 987, 990 (3d Cir. 1988)).

It is apparent from the face of the amended complaint that Cibula's procedural due process claims against both the Corrections and Parole Defendants are time barred, as they accrued over two years before he filed suit on October 15, 2012. His claim against the Corrections Defendants accrued on December 28, 2007 (nearly five years before he

7

filed his complaint), when he arrived at Mercer and was summarily labeled a sex offender without receiving any opportunity to contest the classification. Given that Cibula received *no* process at all, a reasonable person would have known at this point that the Corrections Defendants violated his procedural due process rights.[4]

The accrual date of Cibula's procedural due process claim against the Parole Defendants also falls outside of the two-year statutory period. A reasonable person would have been aware that a due process violation occurred when the Parole Board issued the Administrative Action on February 3, 2010, over two-and-a-half years before Cibula filed suit.[5] Without holding a prior hearing, the Parole Board stated:

> [Y]our offense requires that you participate in sex offender treatment in order to be eligible for parole. Therefore, you will not be interviewed . . . for parole/reparole until notification is provided by the Department of Corrections that you have attended and participated in a . . . sex offender treatment program.

*Cibula*, 2013 WL 3871637, at *2. Based on this agency action, a reasonable person would have concluded that the Parole Defendants labeled Cibula a sex offender without providing any pre-classification process. Accordingly, his due process claim against the Parole Defendants is time barred.

Cibula's Eighth Amendment claim against the Corrections Defendants also

---

[4] Inmates have a liberty interest in not being labeled sex offenders. *Renchenski v. Williams*, 622 F.3d 315, 326 (3d Cir. 2010). Thus, the government must provide process before making such classifications. *See id.* ("We agree that only after a prisoner has been afforded due process may sex offender conditions be imposed on an inmate who has not been convicted of a sexual offense.").

[5] The accrual date could arguably have been even earlier. When the Parole Defendants denied Cibula parole in July 2008 and August 2009 because he had not completed the sex offender treatment program, a reasonable person may well have concluded the Parole Board was classifying him as a sex offender without any pre-classification process.

accrued more than two years before he filed suit. He contends the Eighth Amendment violation resulted when the Corrections Defendants disclosed his sex offender status to guards and inmates, which led to abuse and harassment by other inmates. But both Cibula's amended complaint and his appellate brief fail to provide specific facts regarding such disclosures and the resulting abuse and harassment, including the specific times when they occurred.[6] Moreover, on appeal Cibula does not appear to advance any argument that the Corrections Defendants violated his Eighth Amendment rights within the two-year statute of limitations, relying instead on the continuing violations doctrine, an equitable exception to the statutory period. Accordingly, Cibula's Eighth Amendment claim against the Corrections Defendants is also time barred.

**B.**

Cibula argues that even if his claims accrued over two years before he filed suit, these claims are actionable under the continuing violations doctrine. Under this doctrine, a plaintiff can sue for actions that occurred outside the applicable limitations period if "a defendant's conduct is part of a continuing practice [and] . . . the last act evidencing the continuing practice falls within the limitations period." *Cowell*, 263 F.3d at 292 (internal quotation marks and citation omitted). But Cibula has failed to establish the doctrine applies here.

To determine whether a practice was continual, we consider (1) whether the violations are part of the same subject matter and (2) whether the violations occurred

---

[6] Cibula's allegation that he suffered abuse and harassment until his August 18, 2011, release from prison is insufficient to demonstrate that these acts occurred within the statute of limitations because he fails to plead any facts concerning these acts.

frequently. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165–67 (3d Cir. 2013).[7] A plaintiff must also point to an affirmative act that took place within the limitations period for the continuing violations doctrine to apply. *See Cowell*, 263 F.3d at 293 ("The focus of the continuing violations doctrine is on affirmative acts of the defendants.").[8]

For example, in *Cowell*, plaintiffs brought a substantive due process claim challenging the validity of liens fixed on their property. *Id.* They filed their claim after the statute of limitations had expired, but contended the *existence* of the allegedly illegal liens was an affirmative act that constituted a continuing violation of their due process rights. *Id.* We disagreed, holding the "mere existence of the liens does not amount to a continuing violation" and "the Township's refusal to remove the lien [is not] an affirmative act of a continuing violation." *Id.* We distinguished between "continual unlawful acts," which can serve as the basis of a continuing violation, and "continual ill effects from an original violation," which cannot. *Id.* (quoting *Ocean Acres Ltd. v. Dare*

---

[7] *Cowell* included a third factor—whether the violations had a degree of permanence that would have triggered the plaintiff's awareness of the duty to assert his or her rights. *Cowell*, 263 F.3d at 292. But we limited *Cowell*'s test for determining whether a continuing violation exists by eliminating the degree of permanence factor in light of *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). *See Mandel*, 706 F.3d at 165–67.

[8] Although *Mandel* did away with *Cowell*'s degree of permanence factor, it did not eliminate *Cowell*'s requirement of an affirmative act within the limitations period for application of the continuing violations doctrine. Accordingly, although Cibula is correct that the District Court erred by relying in part on the degree of permanence factor in refusing to apply the continuing violations doctrine, we may nevertheless affirm because the court also relied on Cibula's failure to adequately allege defendants committed an affirmative act within the limitations period. *See Cowell*, 263 F.3d at 393; *see also Christ the King Manor v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 321 (3d Cir. 2013) (noting we may affirm on any basis supported by the record).

*Cnty. Bd. of Health*, 707 F.2d 103, 106 (4th Cir. 1983)).

As in *Cowell*, neither the Parole nor Corrections Defendants took any affirmative actions during the two-year period before Cibula filed suit that could be construed as part of a continuing violation of his procedural due process or Eighth Amendment rights. The Parole Defendants granted him parole during that time, but that is not an unlawful action furthering Cibula's constitutional claims. Cibula argues the Corrections Defendants' disclosure of his status as a sex offender during this time qualifies as an unlawful act because it led to abuse and harassment by other inmates. But Cibula failed to plead when the disclosure to other inmates and the abuse and harassment occurred, so we cannot determine whether any of these acts happened within the statute of limitations. *See id.* at 292 ("In order to benefit from the [continuing violations] doctrine, a plaintiff must establish that the defendant's conduct is 'more than the occurrence of isolated or sporadic acts.'") (quoting *West v. Phila. Elec. Co.*, 45 F.3d 744, 755 (3d Cir. 1995)).

Even assuming disclosure occurred within the limitations period, we agree with the District Court that the abuse and harassment Cibula allegedly suffered as a result of these disclosures is best viewed as "merely the consequences of the original act of deeming [him] a sex offender in 2007." *See Cibula*, 2013 WL 3871637, at *8; *see also Cowell*, 263 F.3d at 293 (noting that "continual ill effects from an original violation"—unlike "continual unlawful acts"—cannot serve as the basis of a continuing violation). Accordingly, the continuing violations doctrine does not apply to Cibula's claims.

## III.

For the foregoing reasons, we will affirm the District Court's order dismissing

11

Cibula's complaint.