[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15863
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-00794-RBD-TBS


EARL C. MEGGISON, SR.,

Plaintiff-Appellant,

versus

GERALD BAILEY,
Individually and in his official capacity
as the Commissioner of the Florida
Department of Law Enforcement,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 12, 2014)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

This case arises from the efforts of the Florida Department of Law Enforcement (FDLE) to require Earl Meggison Sr., who pled guilty to molesting his step-daughter in 1990, to comply with Florida's sex-offender registration laws passed in 1997. *See* Fla. Stat. § 943.0435. In 2005, the FDLE sent Meggison a letter requiring him to register as a sex offender. Meggison filed the instant action under 42 U.S.C. § 1983 in federal court on May 20, 2013, arguing that enforcement of the registration laws against him violated his constitutional right to substantive due process. The district court ultimately concluded that Meggison's claim was time barred and granted Appellee's motion to dismiss on that basis.

On appeal, Meggison argues the district court erred in dismissing his claim as time barred because it incorrectly calculated the date his cause of action accrued and, alternatively, because his claim was timely under the continuing-violation doctrine. Upon review,[1] we reject each of Meggison's arguments and affirm.

In arguing the district court incorrectly calculated the date his cause of action accrued, Meggison does not dispute that the FDLE notified him of its intent to require him to register as a sex offender on October 27, 2005, or that, if his cause of action accrued on this date, he would have failed to file the instant claim within Florida's applicable four-year statute of limitations. *See Chappell v. Rich*,

---

[1] We review a district court's grant of a motion to dismiss under Rule 12(b)(6) de novo, accepting as true the complaint's factual allegations and construing them in the light most favorable to the plaintiff. *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).

2

340 F.3d 1279, 1283 (11th Cir. 2003) (stating Florida's four-year statute of limitations applies to 42 U.S.C. § 1983 claims).  Instead, Meggison argues that subsequent proceedings in state court somehow had the effect of postponing the accrual date.  Specifically, Meggison refers to state court actions in which he asserted claims similar or identical to those he asserts in the instant case, one of which produced a stay over the FDLE's enforcement of the registration requirements against Meggison.  Meggison argues that the state court's stay provided him a degree of relief and that, in light of the stay, he did not have a complete and present cause of action until the stay was lifted and the FDLE again directed him to register.

Meggison's argument is meritless and unsupported by any legal authority. "[T]he standard rule [is] that accrual occurs when the plaintiff has a complete and present cause of action."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (brackets and internal quotation marks omitted).  The basis of Meggison's claim is that "[t]he defendant, acting under color of state law, wrongfully required [Meggison] to register as a sexual offender under Florida law in direct contravention" of Meggison's constitutional rights.  To the extent such a claim is valid, Meggison could have asserted it as soon as the allegedly wrongful enforcement of the registration requirements occurred.  *See id.* ("[P]etitioner could have filed suit as soon as the allegedly wrongful arrest occurred . . . so the statute of limitations

3

would normally commence to run from that date."); *see also Doe v. Moore*, 410 F.3d 1337, 1341 (11th Cir. 2005) (considering the substantive due process claims of Florida residents who had been required to register as sex offenders).

That the harm Meggison allegedly suffered was temporarily and partially remedied by a stay issued during the pendency of a state action does not change that his cause of action was "complete and present" at the moment the FDLE required Meggison to register. *Wallace*, 549 U.S. at 389. It is true that Meggison was able to postpone the harms caused by the registration requirement by obtaining a stay in state court, but the very fact that he filed a lawsuit in state court on the basis of the FDLE's requirement that he register demonstrates not only that his cause of action was complete and present but also that he was aware of it and the facts supporting it. *See Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 20003) ("[T]he statute of limitations begins to run from the date the facts which would support a cause of action are apparent or should be apparent to a person with reasonably prudent regard for his rights." (internal quotation marks omitted)). Accordingly, the district court did not err in determining the date on which Meggison's cause of action accrued.

We also reject Meggison's argument that his claim is timely under the continuing-violation doctrine. The continuing-violation doctrine extends the limitations period for a violation that continues from the past into the present.

4

*Knight v. Columbus, Ga.*, 19 F.3d 579, 580-81.  We must contrast that scenario from a scenario in which a discrete, one-time violation in the past continues to have effects into the future without itself remaining ongoing.  *Id.*  Here, the act Meggison contends violated his due-process rights was his classification as a sex offender subject to Florida's registration requirements.  This classification will continue to have effects on Meggison into the future, but a new act has not occurred every time Meggison feels one of those continuing effects.  *See Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) ("Here, the defendants' act . . . was a one time act with continued consequences, and the limitations period is not extended.").  For this reason, the continuing-violation doctrine does not apply to Meggison's claim, and the district court did not err in dismissing his claim as untimely.

      **AFFIRMED.**