**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRANK PARKER,

    Plaintiff - Appellant,

v.

KRISTIE BOURDON; DAVE
FRANCHINO; SEAN REYES; CURTIS
L. GARNER; UTAH DEPARTMENT OF
CORRECTIONS SEX OFFENDER
REGISTRY; UTAH DEPARTMENT OF
CORRECTIONS SWAT TEAM,

    Defendants - Appellees.

No. 19-4124
(D.C. No. 2:18-CV-00688-TS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Frank Parker, proceeding pro se,[1] appeals the district court's order dismissing

his civil-rights action as untimely. For the reasons explained below, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th
Cir. R. 32.1.

[1] We liberally construe Parker's pro se filings. But we will not act as his
advocate by, for example, formulating possible arguments or combing the record for
support. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Parker filed this 42 U.S.C. § 1983 action in September 2018. His third amended complaint asserts 21 claims against a variety of governmental entities and officials. According to Parker's complaint, he pleaded guilty in 2004 to misdemeanor sexual abuse of a minor. The Utah state court sentenced him to up to one year in prison. In 2006 or 2007, while Parker was serving part of his prison sentence following a parole revocation, he was required to register with the state sex-offender registry. But according to Parker, his plea agreement did not include any registration requirement; nor did the sentencing court instruct him to register. Thus, he asserts that he was unfairly "compelled to" register as a sex offender "for approximately[] 14 years," ending in July 2018. R. 155. Additionally, Parker contends that in connection with his dispute with parole officials regarding this registration requirement, he was unlawfully arrested in 2008. Based on these events, he asserts, among other things, violations of his rights under the Fourth, Eighth, Ninth, and Fourteenth Amendments.

The defendants filed a motion to dismiss, arguing in part that Parker's claims were barred by the statute of limitations and that the state of Utah cannot be sued under § 1983. The magistrate judge agreed with the defendants and recommended that the district court grant the motion to dismiss.

The district court adopted the magistrate judge's report and recommendation over Parker's objections. It began by noting that "Utah's four-year residual statute of limitations applies to § 1983 claims" and that such claims accrue on the date of the constitutional violation. *Id.* at 323; *see also Loard v. Sorenson*, 561 F. App'x 703, 705 (10th Cir. 2014) ("Utah has a four-year statute of limitations period for § 1983

2

claims, Utah Code [Ann.] § 78B-2-307(3), which accrue on the date of the constitutional violation."). It then concluded that the claims related to the registration requirement accrued no later than 2007, when Parker first learned of the registration requirement. *See Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (noting that claims arising under § 1983 accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action" (quoting *Singleton v. City of N.Y.*, 632 F.2d 185, 191 (2d Cir. 1980))). In so doing, the district court rejected Parker's continuing-violation argument, concluding that Parker's claims "arise from the discrete act of being required to register," which "occurred no later than March 2007." R. 324.

As for the claims related to the 2008 arrest, the district court concluded that those claims accrued at the time of the arrest. *See Johnson*, 925 F.2d at 1301 (noting that § 1983 claims arising from conduct of law-enforcement officers "are presumed to have accrued when the actions actually occur"). Thus, the district concluded, all Parker's claims—brought in 2018, well outside the four-year statute of limitations— were time barred.[2] The district court further agreed that Parker's claim against the Utah Department of Corrections was a claim against the state and therefore could not be brought under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (noting that § 1983 "does not provide a federal forum for litigants who seek a

---

[2] The district court also rejected Parker's argument in favor of a six-year statute of limitations because that time limit only applied to actions "by the state, any agency, or public corporation." R. 325 (quoting Utah Code Ann. § 78B-2-310).

3

remedy against a [s]tate for alleged deprivations of civil liberties"). It therefore dismissed Parker's complaint.

Parker now appeals. Our review is de novo. *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005) ("Whether a court properly applied a statute of limitations and the date a statute of limitations accrues under undisputed facts are questions of law we review de novo."). As an initial matter, we note that Parker does not challenge the district court's ruling that § 1983 claims cannot be brought against the Utah Department of Corrections. Nor does he raise any separate objection related to the ruling on the claims arising from his 2008 arrest. We therefore do not review those portions of the district court's order. *See United States v. Beckstead*, 500 F.3d 1154, 1164–65 (10th Cir. 2007).

The arguments Parker does make on appeal relate solely to the requirement that he register as a sex offender. Parker implies that the district court erred in applying a four-year statute of limitations. In support, he cites *Arnold v. Duchesne Cty.*, 26 F.3d 982 (10th Cir. 1994). But there, we held that Utah's *two-year* statute of limitations, specially enacted to apply to § 1983 claims, was invalid. *See Arnold*, 26 F.3d at 989. In so doing, we implicitly endorsed the otherwise applicable four-year statute of limitations. *See id.* at 983 ("This case presents a single issue: whether the appropriate statute of limitations for [§ 1983] actions in Utah is two years . . . or four years . . . ."). Thus, we find no error in the district court's conclusion that a four-year statute of limitations applies.

More substantially, Parker argues that his claims are timely under the continuous-violation doctrine. This doctrine extends the statute of limitations where there is a continuous series of unlawful acts. *See Parkhurst v. Lambert*, 264 F. App'x 748, 749 (10th Cir. 2008). It "is triggered by continuing unlawful acts but not by continued damages from the initial violation." *Colby v. Herrick*, 849 F.3d 1273, 1280 (10th Cir. 2017). We have not yet determined whether this doctrine applies to § 1983 claims, but assuming it does, it does not help Parker. *See Vasquez v. Davis*, 882 F.3d 1270, 1277 (10th Cir. 2018). First, Parker contends that his allegedly unlawful arrest in 2008 demonstrates that the defendants continuously violated his rights. Yet even if we accept Parker's characterization of the 2008 arrest as an unlawful act somehow connected to his registration requirement, it does not help him: the 2008 arrest occurred well outside the four-year statute of limitations applicable to § 1983 claims filed in 2018.

Second, Parker contends that his continued presence on the sex-offender registry was a continuous violation of his rights; that is, he argues that every time he re-registered, the defendants newly violated his rights. For instance, he alleges that he was harmed every time he paid the registration fee and that his continued presence on the sex-offender registry distressed his children. But these consequences of being required to register as a sex offender do not transform Parker's 2007 registration requirement into a continuous violation of his rights. *See Meggison v. Bailey*, 575 F. App'x 865, 867 (11th Cir. 2014) (per curiam) ("This [sex-offender] classification will continue to have effects on [appellant] into the future, but a new act has not

5

occurred every time [appellant] feels one of those continuing effects."); *Delaney v. Thompson*, No. 18-3037-SAC, 2020 WL 42270, at *1 (D. Kan.) (rejecting argument that registration requirement to register as sex offender is continuing violation), *appeal docketed*, No. 20-3001 (10th Cir. Jan. 8, 2020).

Thus, Parker's allegations of continued *harm* stemming from his registration requirement fail to establish continued wrongful conduct on the part of the defendants. *See Bergman v. United States*, 751 F.2d 314, 317 (10th Cir. 1984) (noting that continuous-violation doctrine is triggered "by continual unlawful acts, not by continual ill effects from the original violation"). That renders his case distinct from the trespass case that he cites, *Hoery v. United States*, 64 P.3d 214 (Colo. 2003) (en banc). There, the Colorado Supreme Court noted that "an actor's failure to remove a thing tortiously placed on another's land is considered a 'continuing trespass' for the entire time during which the thing is wrongfully on the land." *Hoery*, 64 P.3d at 218. But here, Parker alleges no ongoing unlawful conduct within the limitations period, only ongoing harm. We therefore conclude that the continuous-violation doctrine does not apply to extend the statute of limitations in this action.

Accordingly, we affirm the district court's order dismissing Parker's complaint as untimely.

Entered for the Court

Nancy L. Moritz
Circuit Judge

6