**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

_**DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.**_

**November 2, 2020**

# In the Court of Appeals of Georgia

A20A0818. GARDEI v. CONWAY et al. DO-030

DOYLE, Presiding Judge.

Carl Gardei, who previously had been classified as a sex offender in Arizona, filed a petition for declaratory judgment against Gwinnett County Sheriff R. L. Conway and Georgia Bureau of Investigations Director Victor Reynolds, seeking: (1) a declaration that Georgia's Sex Offender Registration Statute[1] is unconstitutional and that he is not subject to its requirements; and (2) an injunction to bar enforcement of the sex offender statute against him. The trial court dismissed the petition as untimely under the two-year statute of limitation for personal injury claims set forth in OCGA § 9-3-33. Gardei appeals, and we affirm for the reasons that follow.

---

[1] OCGA § 42-1-12 et seq.

In his 2018 petition, Gardei alleges that he pleaded guilty to three counts each of sexual abuse, attempted sexual assault, and kidnapping in Arizona in 1992. Upon his release from prison in 2003, he moved to New Mexico, where he was required to register as a sexual offender. In 2009, Gardei moved from New Mexico to Georgia, registered as a sexual offender here, and complied with the requirement that he re-register as a sexual offender each year.

Gardei's petition seeks a declaration that Georgia's sex offender registry statute violates the United States Constitution and the Georgia Constitution. Gardei claims that he should not be required to register as a sexual offender and that he is entitled to injunctive relief prohibiting enforcement of the statute against him. He also requests an award of attorney fees and other relief deemed appropriate by the court.

Both Conway and Reynolds moved to dismiss the petition for failure to state a claim under OCGA § 9-11-12 (b) (6). The trial granted the motions to dismiss, finding that Gardei's claims are time-barred by the two-year statute of limitation set forth in OCGA § 9-3-33. This appeal followed.

"[A] motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state

of facts which could be proved in support of his claim."[2] "A statute of limitation defense goes to the merits of the claim, and is therefore subject to a motion to dismiss under OCGA § 9-11-12 (b) (6)."[3] "A motion to dismiss barred claims is properly granted when a complaint shows on its face that the statute of limitation has run and there is no further showing by amendment or by affidavit that a tolling of the statute is possible."[4]

1. *Two-year statute of limitation*. Gardei argues that the trial court erred by applying the two-year statute of limitation set forth in OCGA § 9-3-33 to his claims. We disagree.

Pursuant to OCGA § 9-3-33, "actions for injuries to the person shall be brought within two years after the right of action accrues." Gardei, however, argues that this Code section does not apply here and that there is no statute of limitation applicable to declaratory judgment actions under OCGA § 9-4-2. But the omission of a specific

---

[2] (Citation and punctuation omitted.) *Austin v. Clark*, 294 Ga. 773, 775 (755 SE2d 796) (2014).

[3] *Dept. of Transp. v. Mixon*, 355 Ga. App. 463, 465 (2) (844 SE2d 524) (2020), quoting *Petree v. Ga. Dept. of Transp.*, 340 Ga. App. 694, 704 (3) (a) (798 SE2d 482) (2017) (physical precedent only).

[4] (Citation and punctuation omitted.) *Harpe v. Hall*, 266 Ga. App. 340 (596 SE2d 666) (2004).

3

statute of limitation for declaratory judgment actions does not mean that a party can avoid an otherwise applicable statute of limitation.[5]

The purpose of the Declaratory Judgment Act "is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations."[6] The Act grants "respective superior courts of this state . . . [the] power, upon petition or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration."[7] Thus, a declaratory judgment is a procedural device to determine the legal rights of a party, rather than a substantive

---

[5] See *Capital Infrastructure, LLC v. Plaza Midtown Residential Condo. Assn.*, 306 Ga. App. 794, 800 (1) (702 SE2d 910) (2010) (holding that there is no authority that "filing a declaratory judgment petition tolls, enlarges, or otherwise nullifies the [applicable statute of limitation," and "the Declaratory Judgments Act . . . does not nullify statutes of limitation[]") (punctuation omitted), quoting *Bingham v. C&S Nat. Bank*, 205 Ga. 285, 288 (53 SE2d 228) (1949).

[6] OCGA § 9-4-1.

[7] OCGA § 9-4-2.

4

claim.[8] And it is the nature of the underlying substantive claim that determines the applicable statute of limitation.

Here, as the trial court stated in its dismissal order, "the entirety of [Gardei's] lawsuit rests on the allegation that OCGA § 42-1-12 is unconstitutional and that [the d]efendants' enforcement of OCGA § 42-1-12 has personally injured him." Accordingly, the two-year statute of limitation set forth in OCGA § 9-3-33 applies to Gardei's claims.

2. *No continuing violation*.

Gardei further argues that the limitation period is extended because the defendants' requirement that he annually renew his sex offender registration each year constitutes a continuing violation. We disagree.

"Under [the continuing-violation] doctrine, a plaintiff can sue for actions that occurred outside the applicable limitations period if a defendant's conduct is part of

---

[8] See, e.g., *Nunn v. Tenn. Dept. of Corrections*, 547 SW3d 163, 175 (IV) (A) (1) (Tenn. 2017) ("Limitations statutes do not apply to declaratory judgments suits, as such, because a declaratory judgment action is a mere procedural device by which various types of substantive claims may be asserted. Accordingly, it is necessary to ascertain the nature of the substantive claims sought to be asserted in a declaratory judgment action in order to determine the appropriate statute of limitation[]. For a declaratory judgment action, the appropriate statute of limitations depends on the nature of the substantive claims sought to be asserted.) (citations and punctuation omitted).

a continuing practice and the last act evidencing the continuing practice falls within the limitations period."[9] An analysis of whether an action constitutes a continuing violation "distinguishes between 'the present consequence of a one[–]time violation, which does not extend the limitations period, and the continuation of the violation into the present, which does.'"[10]

Here, the defendants allegedly violated Gardei's rights in 2009, when he was required to register as a sex offender in Georgia, at which time he "he knew, or should have known, all of the facts necessary to pursue a cause of action."[11] As the Eleventh Circuit concluded in a similar, albeit unpublished case,

> the act [Gardei] contends violated his due-process rights was his classification as a sex offender subject to . . . registration requirements.

---

[9] (Citation and punctuation omitted.) *Cibula v. Fox*, 570 Fed. Appx. 129, 135 (II) (B) (3d Cir. 2014).

[10] *Calloway v. Partners Nat. Health Plans*, 986 F2d 446, 448 (II) (A) (11th Cir. 1993), quoting *Beavers v. American Cast Iron Pipe Co.*, 975 F2d 792, 796 (V) (A) (11th Cir. 1992).

[11] *Lovett v. Ray*, 327 F3d 1181, 1182 (11th Cir. 2003) (affirming the dismissal of a prisoner's 2001 complaint arising out of the defendants' alteration of the frequency of his parole consideration because the defendants' 1998 decision against considering him for parole "was a one time act with continued consequences," and it did not extend the limitations period). We note that the annual sex offender renewal requirement is statutory. See OCGA § 42-1-12 (f) (4).

6

This classification will continue to have effects on [Gardei] into the future, but a new act has not occurred every time [Gardei] feels one of those continuing effects. For this reason, the continuing-violation doctrine does not apply to [Gardei's] claim, and the [trial] court did not err [by] dismissing his claim as untimely."[12]

*Judgment affirmed. Hodges, J., concurs. McFadden, C. J., concurs in part and dissents in part in Division 1 and dissents as to Division 2..*

---

[12] (Citation omitted.) *Meggison v. Bailey*, 575 Fed. Appx. 865, 867 (11th Cir. 2014) (unpublished opinion), citing *Lovett*, 327 F3d at 1183.

A20A0818. GARDEI v. CONWAY et al.

MCFADDEN, Chief Judge, concurring in part and dissenting in part.

I concur in part and dissent in part to Division 1 of the majority opinion, and dissent to all of Division 2. I agree with the majority that the two-year statute of limitation set forth in OCGA § 9-3-33 governs Gardei's federal and state constitutional claims. But his claims are not barred by that statute because the requirement that Gardei re-register as a sex offender each year constitutes a continuing violation that extended the limitation period.

1. *Applicability of two-year statute of limitation.*

I concur in the majority's finding in Division 1 that OCGA § 9-3-33 provides the applicable statute of limitation in this case. But I dissent to the extent that the majority implicitly holds in Division 1 that Gardei's respective federal and state constitutional claims are time-barred by that statute.

(a) *Declaratory judgment.*

As an initial matter, I agree with the majority's rejection of Gardei's contention that the two-year statute of limitation set forth in OCGA § 9-3-33 does not apply to his claims because he sought declaratory judgment pursuant to OCGA § 9-4-2, which has no statute of limitation. "[T]he Supreme Court of Georgia has held that the Declaratory Judgments Act[, OCGA § 9-4-1 *et seq*.,] does not nullify statutes of limitation[]." *Capitol Infrastructure v. Plaza Midtown Residential Condo. Assn.*, 306 Ga. App. 794, 800 (1) (702 SE2d 910) (2010) (citation and punctuation omitted). Accord *Burgess v. Burgess*, 210 Ga. 380, 383 (2) (80 SE2d 280) (1954) (declaratory judgment act does not nullify statutes of limitation). Gardei "has cited no authority that filing a declaratory judgment petition tolls, enlarges, or otherwise nullifies [an applicable] time period expressly prescribed in [a statute of limitation], and we find none." *Capitol Infrastructure*, supra (dismissing declaratory judgment action where

2

applicable statutory time period had expired). See also *Collins v. Fulton County School Dist.*, 2012 U. S. Dist. LEXIS 187392, *102 (N. D. Ga. 2012) ("Plaintiff cannot escape the limitations period governing breach of contract claims by re-casting his claim as seeking declaratory judgment that the contract was breached. . . . [D]eclaratory relief is a mere procedural device by which various types of substantive claims — in this case, alleged breach of contract — may be vindicated. Thus, Plaintiff's request for declaratory relief based on the alleged breach is no more timely than a request for damages or other relief.") (citations and punctuation omitted); *National Union Fire Ins. Co. v. F. Vicino Drywall II*, 2011 U.S. Dist. LEXIS 169108, *13 (III) (c) (S. D. Fla. 2011) (discussing Eleventh Circuit cases that "involved Georgia's Declaratory Judgment Act, which is undisputedly procedural") (punctuation omitted); *Acevedo v. Kim*, 284 Ga. 629, 631-633 (2) (669 SE2d 127) (2008) (discussing declaratory judgment action as procedural vehicle for resolving certain underlying claims); *Morgan v. Guaranty Nat. Cos.*, 268 Ga. 343, 345 (489 SE2d 803) (1997) (same).

The trial court therefore did not err in applying the statute of limitation to Gardei's action simply because it seeks declaratory judgment; rather, as stated by the majority, we must look to the substance of the underlying claims to determine the

3

applicable statute of limitation. See *Luckenbach S.S. Co. v. United States*, 312 F2d 545, 548 (2d Cir. 1963) (substance of the claim underlying an action for declaratory judgment determines the applicable statute of limitation).

(b) *Federal constitutional claims.*

The appellees assert that Gardei originally filed an identical lawsuit in federal court pursuant to 42 USC § 1983, that he voluntarily dismissed that suit after a defense motion to dismiss on the ground that such § 1983 claims are governed by the two-year statute of limitation set forth in OCGA § 9-3-33, and that he has simply recast his claims in this state court action. While Gardei has not cited § 1983 in his petition, it is apparent from a review of his federal constitutional claims that they are in substance § 1983 claims for alleged deprivations of his constitutional rights. See *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300, 304 (4) (357 SE2d 569) (1987) (§ 1983 creates a cause of action for the deprivation of constitutional interests).

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F3d 1168, 1173 (II) (11th Cir. 2008). See *Henrickson v. Sammons*, 263 Ga. 331, 333 (434 SE2d 51) (1993) (state statutes of limitation for personal injury claims apply to § 1983 claims).

4

In Georgia, "[t]he two-year statute of limitation in OCGA § 9-3-33 governs claims brought under 42 USC § 1983 because such claims are most accurately characterized as personal injury actions." *Doe #102 v. Dept. of Corrections*, 268 Ga. 582, 583 (2) (492 SE2d 516) (1997). Accord *Nasir v. Gwinnett County State Court*, 341 Ga. App. 63, 66 (2) (798 SE2d 695) (2017).

So the trial court thus did not err in finding that the two-year statute of limitation set forth in OCGA § 9-3-33 applies to Gardei's federal constitutional claims. See *Day v. Brown*, 207 Ga. App. 134, 134-135 (1) (427 SE2d 104) (1993) ("We agree with the trial court that to the extent the complaint may be interpreted as an action under 42 USC § 1983, cognizable by the courts of this state, it is barred by the two-year limitation period of OCGA § 9-3-33.") (footnote omitted).

(c) *State constitutional claims.*

Our courts have recognized that "§ 1983 provides a unique remedy which has no counterpart in state law." *Henrickson*, supra at 334. Nevertheless, it is clear from a review of Gardei's petition that his state constitutional claims, like his analogous federal claims, are most accurately characterized as personal injury claims alleging that he is inhibited from conducting daily activities by enforcement of the sex offender registry. I therefore agree with the majority's affirmance of the trial court's

5

finding that such claims are subject to the two-year statute of limitation contained in OCGA § 9-3-33.

As noted above, although I agree with the majority that OCGA § 9-3-33 provides the applicable statute of limitation in this case, I disagree with the majority to the extent it has implicitly held that Gardei's constitutional are barred by that statute.

2. *Continuing violation.*

I dissent from the majority's conclusion in Division 2 that the appellees' requirement that he continue to register as a sex offender each year does not constitute an alleged continuing violation that extended the statute of limitation. See OCGA § 42-1-12 (f) (4) (an offender who has been required to register must renew his required registration information with the sheriff of the county where the offender resides each year). "Under [the continuing violations] doctrine, a plaintiff can sue for actions that occurred outside the applicable limitations period if a defendant's conduct is part of a continuing practice and the last act evidencing the continuing practice falls within the limitations period." *Cibula v. Fox*, 570 Fed. Appx. 129, 135 (II) (B) (3rd Cir. 2014) (citation and punctuation omitted). "[T]he critical distinction in the continuing violation analysis is whether the plaintiff complains of the present

6

consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F3d. 1259, 1261 (II) (A) (11th Cir. 2003) (citation and punctuation omitted).

In deciding a motion to dismiss, we must construe the pleadings most favorably to Gardei and resolve all doubts therein in his favor. *Austin v. Clark*, 294 Ga. 773, 775 (755 SE2d 796) (2014). So construed, I believe that he has not complained of a consequence of a one-time violation, but has claimed that the violations of his constitutional rights have continued into the present because he must re-register as a sexual offender every year. As alleged in his petition, even though Gardei does not fit the statutory definition of a sexual offender, the appellees have "refused to remove Gardei from the Registry and instead [have] insisted that he continue to re-register and abide by the requirements of the Sex Offender Registry." Because the last alleged act evidencing the continuing practice of requiring Gardei's annual re-registration falls within the two-year statute of limitation, I believe that the trial court erred in dismissing the petition as time-barred.

In finding otherwise, the majority has relied on an unpublished federal opinion in which the continuing violations doctrine was held to be inapplicable to a

defendant's sex offender registration claim, *Meggison v. Bailey*, 575 Fed. Appx. 865, 867 (11th Cir. 2014). That reliance is misplaced. *Meggison* is materially different from the instant case. The challenge to the Florida statute in *Meggison* was not aimed at an annual re-registration requirement. It is not apparent from the opinion whether the Florida statute even has an annual re-registration requirement. So *Meggison* is no answer to Gardei's contention that Georgia's annual re-registration requirement constitutes a continuing violation and therefore that the trial court's dismissal of his claims should be reversed.